## Richmond

GARNETTA J. BROWN v. GEORGE S. HUDDLESTON.

September 1, 1972.

Record No. 7886.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*S. W. Tucker (Harold M. Marsh; Hill, Tucker & Marsh*, on brief), for plaintiff in error.

*John M. Oakey, Jr. (McGuire, Woods & Battle*, on brief), for defendant in error.

Per Curiam.

In a jury trial, the plaintiff, Garnetta J. Brown, secured a verdict and judgment in the sum of $1500 against the defendant, George S. Huddleston, for personal injuries sustained in an automoble accident. The plaintiff moved to set aside the verdict on the ground that it was inadequate and because the trial court erred in granting Instruction D, which related to her duty to minimize damages. The trial court denied her motion, and we granted her a writ of error.

The evidence shows that the plaintiff was injured on May 6, 1967, when the defendant's taxicab, in which she was a passenger, was struck and overturned at an intersection in Farmville. She was taken to Farmville Hospital, where she was seen by Dr. Anthony Munoz. She complained of "pain in the right shoulder," and she had "multiple

small lacerations of the face, hands and legs." She was treated by Dr. Munoz and released.

The plaintiff visited Dr. Munoz three times after the accident, each time voicing "multiple complaints" about pain in her neck, chest, back, and right hip and leg. The doctor prescribed medicine for pain. On her last visit on May 23, Dr. Munoz could not "find anything wrong with her physically," and he referred her to Dr. Virgil May, an orthopedic surgeon of Richmond.

The plaintiff saw Dr. May on May 26, 1967, and thirty-two other times prior to the date of trial, April 13, 1970. She complained to Dr. May of pain "in the area of her neck, hips and lower spine." Dr. May prescribed muscular relaxants, pain pills, and the wearing of neck and back supports. He testified that her injury was what "would be classified as a sprain," and he predicted that her difficulty would continue "for another two or three years."

Dr. E. L. Clements, an orthopedic surgeon, examined the plaintiff just before trial at the request of the defendant. Dr. Clements testified that while the plaintiff had "many complaints," he "found no objective evidence of any injury."

The plaintiff claimed special damages of $6420. This amount consisted of $601 in medical expenses, $65 in incidental damages, $330 for transportation to Richmond to visit Dr. May, $2210 for loss of wages prior to trial, $2964 for future loss of wages, and $250 for future medical expenses.

Instruction D, about which the plaintiff complains, was granted by the trial court over her objection. The instruction told the jury that if the plaintiff failed to exercise reasonable care to lessen her damages and such failure enhanced her claim, then she could not recover the enhanced amount. *See* Doubles, Emroch, and Merhige, *Virginia Jury Instructions*, § 23.06 (1964).

The plaintiff contends that an award of $1500, representing less than one-fourth of her claimed special damages, is, in light of the injuries she suffered in the accident, inadequate as a matter of law. She further contends that the error of the court in granting Instruction D contributed to the inadequacy of the award. We do not agree.

From the evidence, the jury was entitled to find that the plaintiff had not been injured as seriously as she claimed. The jury was also justified in believing that only a portion of the special damages was reasonably related to the accident. This being so, the verdict cannot be disturbed on the ground that it was inadequate. By the same token,

it was not error to grant Instruction D, since, as related to the facts of this case, the instruction merely permitted the jury to disallow those items of damage which it found not reasonably related to the accident.

The judgment of the trial court will be affirmed.

*Affirmed.*