# CIRCUIT COURT OF ARLINGTON COUNTY

Singer

v.

Chabot

May 9, 1977

Case No. (Law) 18863

By JUDGE WILLIAM L. WINSTON

The question before the Court is whether the verdict is so inadequate that it should be set aside. The rule to be applied to the problem is whether the amount of the verdict bears no reasonable relation to the damages suggested by the facts in the case and is manifestly out of line with those facts. *Glass* v. *Pender Groc. Co.*, 174 Va. 196 (1939). Where the evidence is insufficient to find the defendant *not* liable, and the verdict is inadequate, the Courts exercise their discretion and set aside those verdicts. *Rawle* v. *McIlhenny*, 163 Va. 735 (1934).

It is of significance in this case that liability was stipulated and that the defendant presented no medical evidence. The special damages in the case amounted to approximately $2,300.00 and the verdict was for $3,000.00. There was no serious issue presented that the special damages were proximately related to the injury. The medical evidence that the injury to the ring and little fingers of the right hand was permanent was uncontradicted. The jury was not bound to accept the percentage rating of disability given by Dr. Jackson, but they were not at liberty to ignore and reject the fact of permanency.

The cases cited by the defendant of *Raisovich* v. *Giddings*, 214 Va. 485 (1974), and *Brown* v. *Huddleston*,

213 Va. 146 (1972), have been reviewed. In each of these cases the issue of liability was submitted to the jury, but, of much greater importance, in each case there was medical evidence submitted to the jury by the defense challenging that the injuries and damages were caused by the defendant's negligence.

It goes without saying that the Court should not substitute its judgment for that of the jury. That does not mean, however, that the Court should abandon its discretion and ignore its responsibility to set aside a verdict for inadequacy. The case at bar appears to be controlled by the principles stated in the case of *Glass* v. *Pender Groc. Co., supra,* and *Rawle* v. *McIlhenny, supra.*

Counsel for the plaintiff should prepare an order, incorporating therein by reference this Memorandum, setting the verdict aside and ordering a new trial limited to the issue of damages alone.