Richmond

## DANIEL EUGENE MAY

### V.

## TIMOTHY CHARLES LEACH

November 21, 1979.

Record No. 780124.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Robert R. Hatten (Patten & Wornom,* on brief), for appellant.
*Stuart Bateman (Bateman, Downing, Redding & Conway, P.C.,* on brief), for appellee.

PER CURIAM.

In this personal injury case, the jury returned a verdict in favor of the plaintiff, Daniel Eugene May, against the defendant, Timothy Charles Leach, in the sum of $1323.76. Contending that the verdict is inadequate, the plaintiff seeks reversal and a new trial on the issue of damages.

On February 1, 1977, an automobile operated by the plaintiff and a vehicle driven by the defendant collided at the intersection of Mercury Boulevard and Orcutt Avenue in the city of Hampton. At the scene, the plaintiff made no complaint of injury. Later in the day, however, he experienced pain in his lower back. When the pain continued the next day, he visited a physician. Upon examination, the doctor found "muscle spasm over [the plaintiff's] lower spine and . . . some stiffness" and "tenderness." The doctor prescribed a muscle relaxant, medication for sleep, and the wearing of an elastic back support.

The doctor saw the plaintiff a total of eleven times and discharged him on March 7, 1977. During this period of treatment, the plaintiff remained away from work. After returning to work, he had occasional "flare-ups" with his back. The doctor testified that these "flare-ups" could "last as long as a year or even as much as 18 months." The plaintiff was never hospitalized and, although he changed jobs because of his back trouble, he earned more money in his new assignment.

The plaintiff proved special damages as follows:

$ 217.34–medical expenses
716.72–loss of earnings
390.00–property damage
$1324.06 total.

The plaintiff correctly points out that the amount of the verdict, $1323.76, is thirty cents less than the total of the special damages he proved. Therefore, the plaintiff asserts, the jury failed to award any compensation for pain and suffering and the other items of damages it was instructed to consider. The jury's action shows misconduct on its part, the plaintiff says, and establishes inadequacy as a matter of law, thus entitling him to a new trial limited to the issue of damages.

The plaintiff relies upon our decision in *Rome* v. *Kelly Springfield,* 217 Va. 943, 234 S.E.2d 277 (1977). There, in a breach of warranty action for personal injuries, the jury returned a verdict in favor of the plaintiff for $79,918.52, the exact amount of his lost earnings and medical expenses as shown by the uncontroverted evidence. The trial court set aside the verdict. We reversed and ordered a new trial on all issues. On the question of damages, we said that the verdict was inadequate and invalid as a matter of law because in light of the undisputed evidence as to special damages and the substantial evidence of the plaintiff's injuries, the verdict demonstrated that the

jury had failed to take into consideration all the proper elements of damages to which the plaintiff was entitled.

The present case differs distinctly from *Rome* because this record not only lacks substantial evidence of the plaintiff's injuries but it also raises serious questions concerning the time lost from work and the amount spent for medical expenses. In our opinion, *Brown* v. *Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), is more directly on point. There, the plaintiff, injured in an automobile accident, complained of pain in her shoulder, neck, chest, back, and right hip and leg. Her physician saw her three times, prescribed medicine for pain, and then referred her to another doctor. The second physician saw the plaintiff 33 times. He prescribed muscle relaxants, pills for pain, and the wearing of neck and back supports. He predicted that his patient's difficulty would continue for another two or three years.

The plaintiff in *Brown* claimed special damages of $6420. The jury returned a verdict for the plaintiff in the sum of $1500. She sought a new trial on the ground that the verdict was inadequate. Affirming the trial court's approval of the verdict, we said:

> "From the evidence, the jury was entitled to find that the plaintiff had not been injured as seriously as she claimed. The jury was also justified in believing that only a portion of the special damages was reasonably related to the accident. This being so, the verdict cannot be disturbed on the ground that it was inadequate." 213 Va. at 147, 191 S.E.2d at 235.

This same rationale applies with equal force here. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*