## CIRCUIT COURT OF THE CITY OF NORFOLK

Janet L. Brown

v.

Susan R. Olenik

December 21, 1981

Case No. (Law) L-80-1878

By JUDGE WM. MOULTRIE GUERRY

The court is of the opinion that the verdict for the plaintiff for $40,000 should be set aside as inadequate and a new trial granted on the issue of damages only. Counsel were advised by telephone last week of the decision of the court and an order to this effect was entered on December 17, 1981.

This action by the court is taken pursuant to Code of Virginia § 8.01-383, because the verdict of the jury was grossly inadequate under the evidence.

The grounds for the order for a new trial are several. First, the verdict is so inadequate as to shock the conscience of the court, and the award bears no reasonable relation to the expenses and other damages sustained and, therefore, is not supported by the evidence. As the court stated in *Smithey* v. *Refining Co.*, 203 Va. 142 (1961):

> Each case must be judged on its own merits, according to its own peculiar facts and circumstances. What is fair in one case might be entirely inadequate or grossly excessive in another. If the size of the verdict bears no reasonable relation to the damages disclosed by the evidence, it is manifestly unfair. If

a standard to measure the damages is lacking, we must depend upon the trial judge to use his sense of justice and fairness, sometimes aided by the "average verdict rule," to correct the unfairness.

The size of the verdict, so out of proportion as it is to the plaintiff's injuries and his medical expenses and loss of wages, is sufficient, standing alone, to shock the conscience of the court and to cast upon it the stamp of unfairness.

The law has wisely placed in the hands of the trial judge the power to exercise his sound discretion in supervising the verdicts of juries to prevent miscarriages of justices. The law intends that this power should be exercised, and that the judge should be more than a mere referee between the litigating parties. The ultimate test, in a case of this nature, is whether or not the discretion has been abused.

The granting of new trials limited to question of damages prevails in Virginia and has been expressly approved in *Rawle* v. *McIlhenny*, 163 Va. 735 (1934).

The cases cited by the defendant are all distinguishable from the case at hand and involve situations where there was some doubt as to the genuineness and seriousness of the injuries. *Brown* v. *Huddleston*, 213 Va. 146 (1972) (the plaintiff made thirty-three visits to the doctor's office); *Raisovich* v. *Giddings*, 214 Va. 485 (1974) (evidence that the impact that caused the whiplash injury was slight and the problems were from a congenital abnormality and arthritis that predated the accident); *May* v. *Leach*, 220 Va. 472 (1979) (the verdict was thirty cents less than the special damages, and there were serious questions concerning the time lost from work). In *Rome* v. *Kelly Springfield*, 217 Va. 943 (1977), there was substantial evidence of contributory negligence, and the issue of liability had probably exerted a material influence on the jury on the amount of damages. Also, the jury obviously failed to take into consideration all of the proper elements of damages.

In the case at hand, the plaintiff's injuries were immediate, genuine, extremely serious, disabling and permanent. She was in traction for three months and has

suffered unusually severe pain since the accident which occurred on August 29, 1980. Three operations were performed and another hip operation will undoubtedly be necessary in the future, usually at least a year, when the pain becomes unbearable and can no longer be controlled by pain killers.

The list of medical expenses in the past alone and $10,000 for the future hip replacement operation amount to about $40,000, which is also the amount of the verdict. Clearly, there was no allowance made for lost time and lost earnings, other future medical and physical therapy expenses, pain and suffering, etc.

The second ground for ordering a new trial is that it is obvious that the jury, although they clearly found the defendant guilty of negligence, somehow labored under a misconception of the law and the facts of the case and became concerned with the contributory negligence of the plaintiff. The defendant readily conceded that there was no evidence of negligence on the part of the plaintiff. This came to light when the jury after deliberating for over an hour the evening of November 17, 1981, and again the next morning, on both occasions, asked the court a question concerning the "degree of negligence" on the part of "both drivers," the plaintiff and "mostly on the defendant." (Tr. 304, 305, 309-314.)

The court then on its own motion granted and read to the jury Instruction No. 16 to the effect that the plaintiff was not guilty of any contributory negligence, but apparently it came too late. We should also note that at no time did the foreman of the jury mention the third car, the "big black car" driven by an unknown driver, that the defendant alleged caused a sudden emergency for her. The jury verdict should dispose of this issue, leaving a case of clear liability, and the only remaining issue is damages.

Since the order has already been entered, the case should be set promptly for a new trial on the issue of damages alone.