# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Edgar Roland Payne

v.

James Taylor Robertson and
McCormick & Sons Tele-Contractors

August 22, 1983

By JUDGE JOHN A. JAMISON

The above matter is before me upon motion of the Plaintiff to set aside the verdict of the jury in the amount of $4,207.18 as being inadequate.

I have been painstaking in my consideration of both the Plaintiff's and the Defendants' briefs, realizing that there is a great deal at stake here and the matter deserves research in depth. In this study, I have had occasion to read numerous cases, not only those cited by both parties, but additional ones from *Michie's Jurisprudence* and the general proposition of nullifying jury verdicts, as set out in *American Jurisprudence* 2d. Since a ruling against the Plaintiff here might have such far-reaching effects for him and his counsel, I have naturally sought as diligently as I could to find, within the present posture of Virginia law, some legally sound and proper basis for setting aside the jury's verdict.

Both attorneys have expended considerable energy in preparation of their briefs. Although Mr. Goodall's brief is persuasive, apparently he was unable to find any recent cases which tend to overcome what appears to be established' principles as laid down in the more recent cases of *Doe* v. *West*, 222 Va. 440, 281 S.E.2d 850 (1981), *May* v. *Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), and *Brown* v. *Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972). It is practically impossible for me to distinguish, for example, the principle involved in the most recent of these, *Doe* v. *West* and *Brown* v. *Huddleston*,

*supra*, and the case at bar. In *Brown*, Plaintiff claimed special damages of $6,420.00. The jury returned a verdict for her in the sum of $1,500.00. The trial Court refused to set aside the verdict as being inadequate. The Supreme Court affirmed, saying:

> [F]rom the evidence, the jury was entitled to find that the Plaintiff had not been injured as seriously as she claimed. The jury was also justified *in believing that only a portion of the special damages was reasonably related to the accident.* This being so, the verdict cannot be disturbed on the ground that it was inadequate. (italics supplied)

The Plaintiff was seen by the physician a total of eleven times. Special damages, including medical expenses, loss of wages and property damage amount to $1,324.06. The verdict was for thirty cents less than that amount and the Plaintiff asserted that the jury failed to award any compensation for pain and suffering and the other damages it was instructed to consider.

The Plaintiff in *Brown* relied upon the Supreme Court's decision in *Rome v. Kelly*, 217 Va. 943, 234 S.E.2d 277 (1977), a breach of warranty action for personal injury where the jury returned a verdict in favor of the Plaintiff for the exact amount of his special damages. The trial Court set aside the verdict and the Supreme Court reversed and ordered a new trial on all issues saying that the verdict was inadequate. Yet the Supreme Court stated that *May v. Leach, supra*, differed distinctly from *Rome* because the former's record not only lacked substantial evidence of the Plaintiff's injuries but also "raises serious questions concerning the time loss from work and the amount spent for medical expenses." Admittedly, I have a problem in following the Supreme Court's reasoning here but it attempted explanation by pointing out that *May v. Leach* bore far greater similarity to *Brown v. Huddleston*, above, in which the Supreme Court upheld the trial court's refusal to set aside the verdict as inadequate. I certainly agree that *Brown v. Huddleston* is more nearly like the instant case than is *May v. Leach*. I gather then, the distinct impression that verdicts claimed to be inadequate should not be set aside except in the rarest of cases, and this, in spite of its gravity,

is not one of them. In most such cases where the trial judge substitutes his own judgment for that of the jury, he is reversed. Although my own verdict in this case would have been for a much greater sum, it is clear that setting aside this jury's verdict would usurp its function, and I am convinced I have not right to do so.

This case is quite similar to the three above cited cases as well as that of *Dinwiddie* v. *Hamilton*, 201 Va. 348, 111 S.E.2d 275 (1959), cited by the Defendants. I do not think that in any of these cases a pre-existing condition existed which could even remotely be compared to Mr. Payne's. It is easy to believe that in this case the jury felt that certainly the greater part of the misery and pain suffered by the Plaintiff was due to his long-standing, pre-existing back condition in which he had had numerous major operations on his spine and discs, including fusion operations. As Dr. Frankel stated, one with such a delicate back could even be injured "by his own sneeze." Conceding for the moment that the jury's inference was perhaps heartless, as stated in *May* v. *Leach*, "the jury was entitled to find that the Plaintiff had not been injured as seriously as [s]he claimed." By the same token, it is not my place to say that the jury was not entitled to believe that Mr. Payne's injuries and hospitalization was simply the continuation of the same torturous existence he has endured for the many years preceding the accident. Again, the jury made its decision upon the settled principle that the evidence presented facts on which reasonable people could disagree.

Accordingly, the Court must overrule Plaintiff's motion to set aside the verdict and enter judgment upon it.