## CIRCUIT COURT OF LEE COUNTY

Pauline S. Taylor

v.

William Munsey

January 25, 1984

By JUDGE S. W. COLEMAN, III

The plaintiff in the above styled personal injury action recovered a jury verdict on the 19th day of October, 1983, in the amount of $4,000.00. The plaintiff now seeks to have the jury verdict set aside and a new trial awarded pursuant to § 8.01-383 of the Code on the basis that the verdict of the jury was grossly inadequate.

The guiding legal principles governing the resolution of this issue have been long and well established and often applied.

> In Virginia . . . courts have had the power and been charged with the duty of setting aside, in proper cases, the verdict in an action for a personal tort, such as a physical injury to the body or slander, where the damages are either inadequate or excessive. But the rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:
>
> (A) The misconduct of the jury, as for instance that the jury has permitted itself

to be actuated by partiality, sympathy, bias, prejudice, passion, or corruption, or has acted perversely, capriciously, or arbitrarily;

(B) The jury's misconception of the merits of the case insofar as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into consideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage, or that it has in some way misconducted or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable. *Rawle v. McIlhenny,* 163 Va. 735, 744-45 (1934).

"In Virginia, the courts are clothed with the authority, and charged with the duty, to correct what plainly appears to be an unfair verdict in a personal injury case. The use of this authority is but the exercise of the inherent discretion of the trial courts, limited by the admonitory principle that it is the jury's function, ordinarily, to assess damages." *Edmiston v. Kupsenel,* 205 Va. 198, 202 (1964). The trial judge does not have the latitude to disturb a verdict of the jury if such is within a proper consideration of the evidence and not motivated by what would appear to be improper influences; the trial judge may not disturb the verdict of the jury merely because it appears to be less than or larger than the amount he would have awarded had he been a member of the jury. *See Smithey v. Sinclair Refining Co.,* 203 Va. 142, 122 S.E.2d 872 (1961), and *Murphy v. Va. Car. Freight Lines,* 215 Va. 770, 774-775 (1975). However, it is intended that the judge should be more than a mere referee between the litigants and is vested with the power to exercise his sound discretion in preventing miscarriages of justice. Each case must be evaluated upon its own merits subject to the principles enunciated.

In support of the motion to set aside the verdict the plaintiff emphasized the extent and severity of the multiple injuries sustained by her, the fact that she was hospitalized for eight to ten days and convalesced for several weeks thereafter and that her hospital expenses

totalled $2,486.80, her doctor expenses totalled $315.00 and projected probable medical expenses were $750.00 to $1,000.00. The defendant on the other hand indicated that the nature and severity of the injuries were subject to different evaluations and whether the complaints were reasonably attributable to the accident were within the province of the jury to consider. Additionally, the defendant asserted that the jury had before it the issue of contested liability and that "some members of the jury may have accepted the defendant's version as far as liability was concerned resulting in a reduced award." To that proposition the plaintiff responded that such an approach, which he concurred may well have explained the verdict, would have clearly been a misconception and misapplication of the applicable law in the case requiring the verdict to be set aside. The defendant further emphasizes that expenses actually incurred as a result of the accident were in the neighborhood of $2,900.00 and that the verdict of the jury was sufficient to make an adequate allowance for any additional compensable aspects of her injuries. In *Rome v. Kelly Springfield*, 217 Va. 943 (1977) at 948, the Supreme Court set aside a plaintiff's verdict and awarded a new trial on all issues after finding that a jury verdict which awarded exactly the amount of lost wages and medical expenses which was uncontroverted without any allowance for any other elements of damages showed a misapprehension or misapplication of the applicable law on the issue of damages; the court concluded that the jury had been unduly influenced by the issue of liability in its consideration of damages. However, in *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), and in *Raisovich v. Giddings*, 214 Va. 485 (1974), the court emphasized that in cases in which there are contested factual issues subject to various logical interpretations and in instances in which the jury can properly conclude that the plaintiff's injuries might not be as serious as those claimed or that some elements or portions of the damages might not have been reasonably attributed to the accident, in such instances the verdict of the jury should not be disturbed. Regardless of whether the court would concur in the evaluation of the evidence, it is sufficient in this instance for the court to point out that the verdict of the jury did, according to a

fair and permissible interpretation by the jury, exceed the amount of special damages and the jury could have concluded that the injuries were not as serious as those claimed by the plaintiff. Accordingly, I am of the opinion that the verdict of the jury should not be disturbed in this matter and the motion to set aside shall be denied.