## CIRCUIT COURT OF THE CITY OF RICHMOND

Jannis R. Brookman

v.

Nathan J. Tickel

June 20, 1985

Case No. LG 1542

By JUDGE MELVIN R. HUGHES, JR.

On May 15, 1985, the Court heard argument on plaintiff's Motion To Set Aside the verdict and for a new trial in this case.

At the end of two days of trial, the jury returned a verdict for plaintiff in the amount of $1,000.00. Written on the jury verdict form alongside the "$1,000.00" are the words "for medical bills and time loss from work." Plaintiff's Motion To Set Aside raises three questions: (1) whether the jury disregarded the instructions, (2) whether the jury's verdict is inordinately low in view of the evidence, and (3) whether the verdict is the product of apportionment. Defendant takes the position that the verdict is proper under the law and the evidence fairly adduced at trial and the jury's verdict should not be disturbed.

Certainly a jury verdict ought not be disturbed unless it is plainly wrong or without credible evidence to support it, § 8.01-430, Code of Virginia of 1950, as amended.

In considering such questions, the Court should not attempt to substitute its judgment for that of the jury realizing that it is the jury's function to reconcile discrepancies and conflicts in the evidence when

it is subject to logical interpretation, *Raisovich v. Giddings*, 214 Va. 485 (1974).

Of all the issues raised, the one that is dispositive is whether the jury's verdict is inadequate or invalid based on whether the jury disregarded the Court's instructions on damages. On this question, despite the sanctity of a jury's verdict, the Court must exercise control in the interest of fairness and justice, *Glass v. David Pender Grocery Co.*, 174 Va. 196 (1939).

Plaintiff brought this suit for injuries resulting from an automobile collision occurring on March 31, 1983.

Plaintiff's vehicle was struck by defendant's vehicle while plaintiff was waiting at an intersection at a red light. Defendant, travelling in an opposite direction, passed through the intersection against the red light and skidded around in an arc colliding with plaintiff's vehicle on the left, driver's side. It was a rainy morning with moderate to heavy traffic.

On April 6, 1983, plaintiff was examined by Dr. Vaughn who determined that plaintiff suffered a sprain of the cervical spine. On May 6, 1983, plaintiff was examined by Dr. Adelaar who diagnosed plaintiff as having a cervical sprain including injury to the disc bonds or soft tissue musculature ligamentous envelope. Dr. Vaughn had prescribed a neck brace. Dr. Adelaar prescribed physical therapy. Dr. Vaughn opined that plaintiff should not have any residual injury. Dr. Adelaar opined that plaintiff's condition was permanent and that she suffered from a ten per cent disability. Dr. Nachman, who examined plaintiff more than a year after the accident, found a cervical sprain, but with no objective findings of continuation of the condition at the time of his examination.

The evidence revealed that plaintiff's medical bills amounted to $718.06 which were presented to the jury as an exhibit. The testimony revealed that plaintiff's lost wages amounted to $383.36.

Defendant argues that the verdict does not represent expenses only. In a case where damages are hotly contested, he argues, the jury was free to decide which of the injuries plaintiff suffered and to assign damages accordingly.

In *Bran v. Huddleston*, 213 Va. 146, *May v. Leach*, 220 Va. 472, and *Doe v. West*, 222 Va. 440, the verdicts were at or close to the amount of special damages in the cases and the Supreme Court of Virginia upheld them

on the ground they had logical support and ought not to be disturbed. In *Doe v. West*, the Court, in distinguishing *Rome v. Kelly Springfield*, 217 Va. 443, stated:

> We have long held that where an impartial jury properly instructed has determined the issue of damages in a personal injury case, the verdict should not be disturbed if it is supported by a logical interpretation of the factual issues. *Raisovich v. Giddings*, 214 Va. 485, 489, 201 S.E.2d 606, 609 (1974). *Rome* is consistent with this principle. The verdict in that case could not be reconciled with any logical interpretation of the evidence as to damages. In the present case, however, the record, unlike that in *Rome*, does not contain uncontradicted evidence as to the severity of the plaintiff's injuries or the amount of his actual monetary loss resulting from the accident. The jury reasonably could have concluded West did not suffer pain and discomfort to the extent he claimed, that he suffered no permanent disability that would impair his ability to work, and that he was entitled by compensation for lost wages for a lesser period from 12 to 14 weeks, and to a modest additional sum for pain and suffering. *Doe v. West*, 222 Va. 440, 445-446.

I would agree with defendant that we have a situation like that in *Doe v. West, supra*, but for the salient and distinguishing feature in this case, the jury's written indication regarding the basis of its verdict. With this and despite the presence of damage controversy, the principle in *Rome* should nonetheless apply. While the jury may properly return a verdict awarding a part of controverted damages, it cannot do so to the exclusion of other instructions in the case.

Having decided the threshold issue of liability, it is incumbent upon the jury to consider all the instructions, whether damages are severable or not. The jury did not do this when we are informed of the basis of its award of damages by the words "for medical bills and time lost from work" to the exclusion of other instructions on pain and suffering. Therefore, plaintiff is entitled to a new trial.

Having decided plaintiff is entitled to a new trial, the next question is whether the trial should encompass all issues or only damage issues. In *Rome*, the Supreme Court in deciding a like question stated:

> Where the question of the amount of damages is not distinctly separable from the matters involved in the issue of liability, or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear the burden of the injury, the verdict should be set aside and a new trial granted on all issues. (citation omitted). *Rome v. Kelly Springfield*, 217 Va. 943, 948-949.

Here, there is a clear preponderance of evidence in favor of the plaintiff on the matter of liability. Plaintiff's vehicle was struck while in a stationary position at a red light. Defendant's theory was that he was not liable because he was operating his vehicle safely, but that the wet conditions of the highway caused his vehicle to slide without any negligence on his part. This was a jury question. The evidence on liability is distinct from the question of damages which probably did not exert a material influence upon the jury in determining the amount of the verdict, and the evidence does not warrant an inference that the jury acted arbitrarily. Accordingly, the plaintiff shall have a new trial on damages only.