## CIRCUIT COURT OF THE CITY OF NORFOLK

Rose S. Meyer

v.

Best Products, Inc.

July 22, 1986

Case No. (Law) L-84-81

By JUDGE CHARLES R. WATERS, II

At the conclusion of this slip and fall personal injury case, a case of very questionable liability, the jury found in favor of the plaintiff in the amount of $333.62. One juror, upon being polled as to the verdict, stated: "Yes. . . medical bills," a comment carefully noted by the court at the time.

The case is now before the court on the motion of plaintiff's counsel to set aside the verdict as inadequate and to require a new trial on the issue of damages alone, a long recognized procedure under Virginia law. *Rawle v. McIlhenny*, 163 Va. 735 (1934). Section 8.01-383, Code of Virginia, 1950, as amended.

While exiting premises occupied and controlled by the defendant, the plaintiff fell upon rocks then present on the pavement of a lighted parking lot. She had entered the premises at approximately the same location earlier that same night. She suffered contusions to her knees and a sprain of the wrist with three plus swelling. During later visits with her attending physician she began to complain of injuries to her back and other parts of her anatomy.

Although she did not admit it during the early stages of discovery, evidence was produced at trial that the plaintiff had suffered two previous traumas to the same wrist injured here, one a fracture, and ample evidence

was produced which could easily have led the jury to believe that the plaintiff was still taking prescribed medication and muscle relaxants as a result of her previous injuries.

Moreover, the physician who performed independent medical examinations testified that injuries were slight, and indicated that, as a result of certain "bogus tests" he performed, the plaintiff was faking at least a portion of her alleged injuries.

In their respective briefs, plaintiff's counsel performs arithmetic to demonstrate that the verdict was inadequate and defense counsel performs arithmetic to demonstrate that the verdict was indeed adequate. The point to be made is that under the evidence in this case, liability was questionable, the extent of the plaintiff's injury was questionable, and the extent of the plaintiff's out of pocket expenses and pain attributable to this accident, as distinguished from the two previous accidents, was extremely questionable.

From the evidence, the jury was entitled to find that the plaintiff had not been injured as seriously as claimed, that only a portion of her special damages was reasonably related to this particular accident, and/or that the fall merely aggravated the more severe previous injury. Furthermore, despite the fact that the one juror stated "medical bills" upon being polled, the jury panel might well have considered all of the elements set forth in the plaintiff's damage instruction. The jury could easily have determined that the plaintiff suffered little or no pain at all, especially in light of the testimony of the physician who performed the independent medical examinations regarding the "bogus tests."

It is the opinion of the court that under the evidence presented in this case, the verdict of the jury should not be set aside as inadequate, and that judgment should be entered on the verdict rendered. *Brown v. Huddleston*, 213 Va. 146 (1972); *Raisovich v. Giddings*, 214 Va. 485 (1974); *May v. Leach*, 220 Va. 472 (1979); *Doe v. West*, 222 Va. 440 (1981).

There are times, of course, when it is incumbent upon the trial court, in the exercise of its sound discretion, to set aside a jury verdict as inadequate. *Rome v. Kelly Springfield*, 217 Va. 943 (1977); *Rawle v. McIlhenny*, 163 Va. 735 (1934); *Wright v. Estep*, 194 Va. 332 (1952). These cases are distinguishable because, in the

opinion of this court, in the present case it cannot be said with any degree of certainty that the verdict was based upon an unreasonable interpretation of the evidence, which was susceptible to different findings, or that the jury failed to consider all of the elements of damages permitted in the damage instruction submitted. Furthermore, the damage instruction submitted by the plaintiff without objection became the law of this case. It stated that the jury "may" but not "must" consider the listed elements of damage. In any event, there is nothing to suggest that all elements listed were not considered, although some may have been rejected.