Theresa B. Cohen

    v.

Cindy Cox and
Yellow Cab, Inc.

September 11, 1987

Case No. (Law) L-85-222

By JUDGE CHARLES R. WATERS, II

This case is before the court on the motion of plaintiff to set aside the jury verdict as inadequate with respect to damages and as contrary to the law and evidence.

The jury originally returned its verdict in the amount of $947.62, an amount exactly $2.00 less than the total of doctors' bills and the cost of medical aids purchased.

After the jurors left the courtroom, the court was informed that one juror had been overheard to say that the verdict should have been $949.62, whereupon a second juror replied that it probably made no difference. Counsel were informed.

The court, on its own motion, after notice to counsel, reconvened the jury on a subsequent day, informed the jury of the alleged conversation, informed them that they would again be sent back to the jury room with the various exhibits, and that they would later be asked the true amount of the verdict that they intended to render at the conclusion of the trial. After the foreman asked if the "correction" could be made on the original verdict form and having been told yes, the jury returned the original form with the amount of $949.62 noted thereon,

the original figure of $947.62 having been lined through. During this procedure, counsel were present, although not allowed to ask questions, and no member of the jury made any comment to indicate how or why the amount of the verdict was reached. Counsel for the defendant noted his objection to this procedure, but only after it had all taken place.

At the conclusion of the evidence in this case, the case was submitted to the jury on damages only without objection. The standard damage instruction was given. For want of a better phrase, the "corrected verdict" was in an amount exactly equal to the doctors' bills and medical aids actually purchased by the plaintiff.

After the accident in this case (a rear end collision), the plaintiff continued to swim several laps in a swimming pool which was her custom prior to the accident, and continued to play tennis, at least on one day playing three straight sets. Pictures of the plaintiff's vehicle indicated that the impact was not severe, and the plaintiff did not miss any days of work, although she testified she left early on some days because of her pain and discomfort. There was no claim for lost wages. On the day of the accident, the plaintiff indicated to the investigating officer that she was not hurt, her two grown daughters, who were passengers, left their mother shortly after the impact to catch a plane, and the plaintiff, instead of going home, went to the repair shop and waited while the tailpipe on her car was fixed.

One of the plaintiff's treating physicians was her own husband, Dr. Norman Cohen, who said he treated her from time to time in his office, and he sent his own wife a bill for services rendered. The plaintiff was working at the time as a nurse in her husband's office and never missed a full day's work. Dr. Cohen later referred his wife to Dr. Phillips, an orthopedic specialist, because of her alleged continuing discomfort. Dr. Phillips saw her three times and recommended muscle relaxants and therapy, which the plaintiff received. Dr. Phillips diagnosed muscle tenderness, consistent with a whiplash injury, although no spasm. He conceded that his diagnosis was based upon subjective findings, i.e., what the patient told him, although he did believe that the finding of tenderness to palpation, i.e., the touching of a muscle

and observation of the patient's reaction, was an objective finding based upon his experience. The licensed therapist, as well as the plaintiff and her husband, testified concerning the plaintiff's pain and inconvenience, and the therapist testified that at least at one point in time spasm was present, as well as tenderness.

The plaintiff and Dr. Cohen, her husband (both of whom had an interest in the outcome of the case), Dr. Phillips and the licensed therapist all testified that the plaintiff suffered some pain and inconvenience as a result of the accident. This testimony was uncontroverted. No medical evidence was presented by the defendant, although it was argued that the plaintiff either was not hurt or was not badly hurt because she continued to engage in some somewhat strenuous activities following the accident and during the time of her treatment.

But the jury obviously found that the plaintiff was hurt because damages were awarded, but only in the exact amount of her out-of-pocket expenses.

The question is whether, in making an award for the exact amount of the plaintiff's out-of-pocket expenses, the jury failed to consider or disregarded the other elements of damage such as pain and suffering, inconvenience, etc., contained in the instruction.

In *DeWald v. King*, 233 Va. 140 (1987), decided last March, on the verdict form itself the foreman actually wrote down and added the medical expenses and lost wages, the sum of which was the verdict. Under these circumstances, the Supreme Court held that it was obvious that the jury considered only two elements of damages and that, therefore, the verdict had to be set aside as inadequate.

In this case nothing was written on the verdict form itself except the line drawn through the original amount and the amount of the "corrected verdict."

*DeWald* followed *Rome v. Kelly Springfield*, 217 Va. 943 (1977), wherein it was held that where the verdict was in the exact amount of the evidence of medical expenses and lost wages and where the evidence of other damage elements was uncontroverted, the jury had disregarded the damage instruction and the verdict had to be set aside as inadequate. Plaintiff's counsel argued that this case is on all fours with the present case.

Defense counsel, however, maintains that *Rome* is distinguishable and that the later case of *May v. Leech*, 220 Va. 472 (1979), is controlling here. See also *Brown v. Huddleston*, 213 Va. 146 (1972), and *Doe v. West*, 222 Va. 440 (1981), as cases to fortify the position of defense counsel.

In *May* the court opined:

> The present case differs distinctly from *Rome* because this record not only *lacks substantial evidence of the plaintiff's injuries* but it also raises *serious questions concerning* time lost from work and the *amount spent for medical expenses*. In our opinion, *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), is more directly on point. (Emphasis added).

It is noted that in *May* special damages were proved in the amount of $1,324.06 and the jury verdict was for $1,323.76. The trial court in *May* did not reconvene the jury as was done in this case, but here this court did not feel that it could overlook the conversation between jurors previously referred to.

In the present case, the orthopedic specialist and the therapist both testified that the plaintiff suffered some degree of pain and tenderness (and spasm according to the therapist). Dr. Cohen, the plaintiff's husband and the plaintiff both testified as to the plaintiff's pain and discomfort, although such testimony should be subjected to the closest scrutiny, especially under the circumstances of this case. Nevertheless, there was no independent medical examination, and there is nothing at all in the record to controvert this testimony, although the degree and duration of the pain and/or discomfort is questionable. I believe that there was substantial evidence that the plaintiff did suffer some degree of pain and discomfort, and that there was nothing in the record to discredit this conclusion except innuendo based upon the fact that the plaintiff continued some athletic activities and continued to work. She made no claim for lost wages, and I do not find that there are serious questions concerning the amount spent for medical expenses.

The jury obviously found that the plaintiff was hurt because they gave her an award, and if they found that she was not hurt, they made her a gift--a compelling reason to set the verdict aside.

In *Brown* the court opined:

> From the evidence, the jury was entitled to find that the plaintiff had not been injured as seriously as she claimed. The jury was also justified in believing that only a portion of the special damages was reasonably related to the accident. That being so, the verdict cannot be disturbed on the ground that it was inadequate.

I fully agree with this statement, but in this case, unlike *Brown*, the verdict was for the exact amount of proven specials, and there was substantial and uncontroverted evidence that the plaintiff experienced some degree of pain and discomfort as a result of the accident.

I am of the opinion that, under the circumstances of this rather unique case, *Rome* controls with an assist from *DeWald*, and that the motion to set aside the verdict as being inadequate and contrary to the law and evidence should be granted.

Upon retrial the issues will be limited to damages only; however, most, or substantially all, of the evidence presented in the first trial would again be admissible as relevant to the damage issue.