## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Ronnie Sparrow

v.

Joseph Parker

May 9, 1996

Case No. (Law) CL95-1033

BY JUDGE EDWARD W. HANSON, JR.

This matter comes before the Court on Plaintiff's Motion to Set Aside the Verdict following trial by jury on March 4, 1996. At the conclusion of Defendant's evidence, the Court granted Plaintiff's Motion to Strike Contributory Negligence and ruled Plaintiff was entitled to recover from Defendant as a matter of law. The case was submitted to the jury for deliberation solely on the issue of damages. The jury returned a verdict in favor of Plaintiff in the amount of $4,202.00. Upon Plaintiff's Motion to Set Aside the Verdict, the Court took the matter under advisement, requesting briefs from both parties.

The plaintiff argues the jury disregarded several elements of damages, limiting its consideration to medical expenses and lost wages. The plaintiff contends this apparent disregard warrants this Court setting aside the verdict and ordering a new trial. In support of this argument, the plaintiff relies on two opinions from the Virginia Supreme Court in which the Court held the verdict should be set aside because the jury failed to take into consideration all of the proper elements of damages to which the plaintiff was entitled under the evidence. See, *Rome v. Kelly Springfield Tire Co.*, 217 Va. 943 (1977); *DeWald v. King*, 233 Va. 140 (1987).

Generally, a verdict may be set aside where it is so small as to shock the conscience and creates the impression that the jury was influenced by passion, prejudice, corruption, or a misconception or misinterpretation of the facts or law. *Chesapeake & O. R. Co. v. Arrington*, 126 Va. 194 (1919), *cert. denied*, 255 U.S. 573. Furthermore, it has been held that a verdict in a personal injury case may only be set aside where it is so disproportionate

that it may not be the result of a fair and unbiased judgment of the jury. *Glass v. Pender Groc. Co.*, 174 Va. 196 (1939).

The plaintiff cites as controlling law *Rome v. Kelly Springfield Tire Co., supra*, a personal injury case in which the jury received instruction on seven elements of damages. The amount awarded to the plaintiff in *Rome* was equivalent to the sum of two of the elements of damages placed before it. Substantial evidence was introduced by the plaintiff in support of the five elements which it appeared the jury had not considered. The Supreme Court found it was probable that liability issues in the case exerted a material influence on the jury in its consideration of damages. The liability issues coupled with the exactness of the award indicated an arbitrary decision by the jury to make each of the parties bear a portion of the burden. *Rome*, 217 Va. at 948. Thus, the Court held that the material influence of the liability issues caused the jury to disregard its instructions on damages and that the verdict should therefore be set aside. *Id.*

*Rome* was the leading authority in *DeWald v. King, supra*, the second case cited herein by the plaintiff. In *DeWald*, the Court once again held damages awarded by the jury were inadequate where the jury considered only two out of six elements on which it was instructed. *DeWald*, 233 Va. at 144. The jury returned a verdict for the plaintiff in the sum of two of the elements of damages, listing the two elements and their sum on the face of the verdict form. *Id.* at 145. In light of the uncontroverted evidence presented by the plaintiff on all of the damages elements, the Court found the jury's action to be an obvious disregard of the damages elements set forth in the instruction. The Court further opined that it was not the ultimate verdict which established a disregard for the damages instruction, but what was written on the jury form. *Id.*

The defendant argues that *Rome* and *Kelly* are not controlling in this matter. The defendant contends that the appropriate law arises from a second set of cases, *Brown v. Huddleston*, 213 Va. 146 (1972), *May v. Leach*, 220 Va. 472 (1979), and *Doe v. West*, 222 Va. 440 (1981), all of which have previously been distinguished from *Rome*. See, *DeWald*, 233 Va. at 144-45. In *Brown, May*, and *Doe*, general verdicts were returned based on controverted evidence. The injuries alleged were primarily of subjective pain to the neck, back, or shoulder. The plaintiff in each instance was treated on the basis of the complaint, not on an actual objective medical finding by a physician. The Court in each case held the damages awarded were not inadequate and declined to set aside the verdict. In *Brown*, the Court based its decision on the fact that a jury could have

believed that the plaintiff was not injured to the extent alleged. See *Brown*, 213 Va. 146. Similarly, in *May*, the Court found the record lacked substantial evidence of the elements of damages, applying the rationale that the jury might not have believed that the plaintiff was injured as seriously as alleged or that all of the expenses were related to the injury. See, *May*, 220 Va. 472. The Court reached an identical decision in *Doe*, finding there was no uncontroverted evidence of damages sustained by the plaintiff. See, *Doe*, 222 Va. 440.

The Court's decisions in *Rome* and *DeWald* are inapposite to the case at bar. The decisions in *Rome* and *DeWald* are based on uncontroverted evidence of all of the damages elements presented by the plaintiff in each matter, coupled with the jury's clear disregard for the instructions. The injuries received were objective and undeniable. The severity of the injuries in the two cases leaves little doubt as to the reality that the injuries did exist. The injuries alleged by the plaintiff here are purely subjective, with no medical treatment having been sought by the plaintiff, other than chiropractic treatment some two weeks after the accident. The injuries complained of were limited even at that time to soft tissue type injuries, or more specifically, neck and back pain with no objective evidence of actual injury. The jury could reasonably have concluded that the plaintiff was not injured as severely as alleged, based on the subjective nature of the alleged injuries and the evidence before the jury. Furthermore, the equivalence of the verdict to the sum of two of the elements of damages does not conclusively establish the jury's disregard of the damages instruction. There is no indication that the jury acted in any way contrary to the provided instructions. The verdict was the result of a fair and unbiased judgment of the jury. This court must therefore follow the law set forth in *Brown, May*, and *Doe* and find the verdict was not inadequate.

Plaintiff's Motion to Set Aside the Verdict is denied, and judgment should be entered in favor of Plaintiff in the amount of $4,202.00.