## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Kirsten A. James

v.

Shaunte N. Gatlin

September 11, 1997

Case No. (Law) CL96-3042

BY JUDGE FREDERICK B. LOWE

Plaintiff brought an action at law on a negligence theory for damages arising out of a motor vehicle accident, which occurred on July 18, 1996. A trial by jury was had on July 28, 1997. At the conclusion of Defendant's evidence, Plaintiff's Motion to Strike was granted, and the case was submitted to the jury solely on the issue of damages. The jury returned a verdict for the Plaintiff in the amount of $800.00. This matter comes before the Court on Plaintiff's Motion to Set Aside the Verdict and Defendant's Motion to Enter Judgment on the Verdict.

Plaintiff states in her brief that the jury's verdict only amounts to approximately half of her medical expenses, leaving no award for bodily injuries, physical pain and mental anguish, inconvenience, and lost earnings, elements which had been set forth for consideration in the jury instructions. Plaintiff argues that, given the facts adduced at trial, such apparent disregard requires this Court to set aside the verdict as inadequate as a matter of law. In support of this proposition, Plaintiff cites the following cases: *Rawle v. McIlhenny*, 163 Va. 735 (1934); *Glass v. David Pender Grocery Co.*, 174 Va. 196 (1939); *Rome v. Kelly Springfield*, 217 Va. 943 (1977); *DeWald v. King*, 233 Va. 140 (1987); and *Bradner v. Mitchell*, 234 Va. 483 (1987).

This Court finds Plaintiff's argument unpersuasive. In *Rawle*, the evidence adduced at trial as to damages "was without material conflict." 163 Va. at 751. The plaintiff in *Glass* presented evidence that "clearly show[ed] the infliction of serious and extensive injuries of a most painful nature," since the plaintiff

in that case was "almost wholly incapacitated for eight months." 174 Va. at 202. In *Rome*, the jury awarded damages for lost wages and medical expenses based on uncontroverted evidence but failed to award damages for five elements which were supported by "substantial evidence." 217 Va. 948. Likewise, there was "substantial uncontroverted evidence of each element of damages referred to in the pertinent jury instruction" in the *DeWald* case. 233 Va. at 145.

On the other hand, *Bradner* distinguishes between cases in which evidence of damages is substantial and uncontroverted, such as the foregoing, and those cases in which "the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or some other cause." 234 Va. at 487. In the latter type of case:

> a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (citing *Brown v. Huddleston*, 213 Va. 146 (1972); *May v. Leach*, 220 Va. 472 (1979); and *Doe v. West*, 222 Va. 440 (1981)).

The case at bar presents the sort of controverted and disputed facts properly controlled by *Brown*, *May*, and *Doe*. For instance, at trial, Plaintiff's physician testified that Plaintiff suffered from a cervical and lumbar sprain, which required treatments with a heat lamp. Plaintiff's physician also testified, however, that Plaintiff had returned to performing household chores only eleven days after the accident occurred. Additional conflicts arose with regard to Plaintiff's lost income, *inter alia*. From the evidence, the jury was entitled to find that Plaintiff's injuries were not as extensive as alleged. The jury was also justified in believing that only a portion of the special damages claimed was reasonably related to the accident.

Plaintiff's motion to Set Aside the Verdict is denied, and Defendant's Motion for Entry of Judgment on the Jury Verdict is hereby granted. Judgment shall be entered for the Plaintiff in the amount of $800.00.