Present:  Carrico, C.J., Compton, Stephenson,[1] Lacy,
Hassell, Keenan, and Koontz, JJ.

CANDACE L. BOWERS
                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961985        October 31, 1997

BARBARA A. SPROUSE

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Melvin R. Hughes, Jr., Judge


     In this appeal of a judgment entered in a personal

injury action, we consider whether a plaintiff, who received

a jury verdict for the exact amount of her medical and other

special damages, is entitled to a new trial.

     Candace L. Bowers filed her motion for judgment against

Barbara A. Sprouse, seeking compensation for injuries she

received in an automobile accident.  Before trial, Sprouse

admitted liability, and the case was tried before a jury on

the issue of damages only.

     The plaintiff adduced the following evidence.  The

plaintiff, who was driving her car, stopped and "was just

waiting for traffic to move" when she noticed the

defendant's car.  The defendant's car collided into the rear

of the plaintiff's car.  Upon impact, the plaintiff was

"flung forward and the seatbelt grabbed [her] and yanked

[her] backwards."

     The plaintiff immediately felt pain, and she was taken

to a hospital.  She was treated at the hospital's emergency

---

[1] Justice Stephenson participated in the hearing and
decision of this case prior to the effective date of his
retirement on July 1, 1997.

room and was released that same day.  The plaintiff was treated by her family physician two or three days after the accident, and he referred her to Dr. John M. Simpson, an orthopedic surgeon.  The plaintiff introduced in evidence, without objection, a "Statement of Damages" in the amount of $2,479.85.  Dr. Simpson testified that the plaintiff had experienced lower back pain as a result of a prior accident, and that her injury was exacerbated as a result of her accident with the defendant.

The defendant vigorously cross-examined the plaintiff about her injuries.  For example, the defendant elicited on cross-examination that:  the plaintiff had complained of lower back pain after she was injured in a prior accident; the plaintiff did not recall an incident in January 1989 which required her to seek treatment from a physician for lower back pain; the plaintiff did not recall an incident in 1990 when she fell down some steps and injured her back; and the plaintiff did not remember an incident in 1993 when she injured her back while "line dancing."

The jury considered the evidence and returned a verdict in favor of the plaintiff for the exact amount of her medical expenses and special damages.  The trial court denied the plaintiff's motion to set aside the verdict and entered a judgment confirming the jury's verdict.  The plaintiff appeals.

In Rome v. Kelly Springfield Tire Co., 217 Va. 943, 234 S.E.2d 277 (1977), we considered whether a trial court erred

in failing to set aside a jury verdict which was for the exact amount of the plaintiff's lost wages and medical expenses.  We stated:

> "The verdict of the jury fixed [the plaintiff's] damages at . . . the exact amount of [the plaintiff's] lost wages and medical expenses to the date of trial as shown by the uncontroverted evidence.  The trial court's damage instruction set forth seven elements of damage which the jury should have considered in fixing its award.  The jury's award appears to represent only two of those seven elements.  Substantial evidence was introduced in support of the other elements of damage mentioned in the instruction, viz., past and future physical pain and mental anguish, disfigurement and deformity, past and future inconvenience, future medical expenses, and the effect of such injuries upon [the plaintiff's] health.  The verdict is therefore inadequate and invalid as a matter of law because it demonstrates the jury has disregarded the instruction on damages.  Obviously, the jury has failed to take into consideration all of the proper elements of damages to which the plaintiff was entitled under the evidence."

Id. at 948, 234 S.E.2d 281.

Both the plaintiff and defendant cite Rome in support of their respective positions.[2]  Essentially, the plaintiff argues that the trial court erred by failing to set aside the jury's verdict and award her a new trial because, she says, the jury's award is inadequate as a matter of law.  The plaintiff contends that Rome is controlling because the jury awarded her the exact amount of her damages, and the

---

[2]The plaintiff and the defendant cite other authorities which, they say, support their respective positions.  Because of our view of this case, we decline to undertake an exhaustive discussion of those authorities.  Moreover, we have discussed most of those authorities in DeWald v. King, 233 Va. 140, 354 S.E.2d 60 (1987).

defendant did not present any testimony which contradicted the plaintiff's evidence of damages.  The defendant responds that the plaintiff's evidence of special damages was contested throughout the trial, that a reasonable jury could have believed that the plaintiff exaggerated the extent of her injuries, and that it was highly unlikely that the plaintiff's injuries resulted from a minor traffic accident.

We are of opinion that the jury's verdict for the exact amount of the plaintiff's medical and special damages is inadequate as a matter of law.  The jury's verdict for the exact amount of the plaintiff's medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate her for any other items of damage.  Certainly, at a minimum, this plaintiff experienced pain, suffering, and inconvenience as a result of the defendant's negligence and was entitled to compensation for these elements of damage.[3]

---

[3]The jury was instructed as follows:

"INSTRUCTION NO. 7

You must find your verdict for the plaintiff, and in determining the damages to which she is entitled, you may consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:

(1)  any bodily injuries she sustained and their effect on her health according to their degree and probable duration;

(2)  any physical pain and mental anguish she suffered in the past;

Therefore, we hold that a jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted.

Accordingly, we will reverse the judgment of the trial court and award the plaintiff a new trial on the issue of damages only.

<u>Reversed and remanded</u>.

JUSTICE LACY, dissenting.

I dissent from both the rule adopted and the result reached by the majority.

## I. The Rule

For over half a century, assertions that the amount of a jury verdict in a personal injury case is inadequate as a matter of law have been subject to the following principle:

> [T]he verdict of a jury in personal injury cases will not be set aside as inadequate or excessive unless it is made to appear that the jury has been actuated by prejudice, partiality or corruption,

---

> (3) any disfigurement or deformity and any associated humiliation or embarrassment;
>
> (4) any inconvenience caused in the past;
>
> (5) any medical expenses incurred in the past;
>
> (6) any earnings she lost because she was unable to work at her calling;
>
> Your verdict should be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant's negligence."

> or that it has been misled by some mistaken view
> of the merits of the case.
>
> . . . .
>
> Each case must be considered on its own merits and
> in view of the peculiar facts of that case.

Glass v. David Pender Grocery Co., 174 Va. 196, 201, 5

S.E.2d 478, 480-81 (1939).  This general principle has been

applied to cases like the instant case in which the amounts

of the jury verdict and of the special damages were

identical or very close.  In those cases, the plaintiff

argued that the verdict was inadequate as a matter of law

because the size of the verdict showed that the jury ignored

the court's instruction to consider all the elements of

recovery, specifically pain, suffering, and inconvenience.

In Bradner v. Mitchell, 234 Va. 483, 362 S.E.2d 718

(1987), the seminal case on this aspect of inadequate jury

verdicts, the Court compared cases in which the jury

verdicts were held inadequate as a matter of law, Glass v.

David Pender Grocery Co., supra; DeWald v. King, 233 Va.

140, 354 S.E.2d 60 (1987); and Rome v. Kelly Springfield,

217 Va. 943, 234 S.E.2d 277 (1977), with cases in which the

jury verdicts were not set aside as inadequate, May v.

Leach, 220 Va. 472, 260 S.E.2d 456 (1979); Brown v.

Huddleston, 213 Va. 146, 191 S.E.2d 234 (1972); and Doe v.

West, 222 Va. 440, 281 S.E.2d 850 (1981).  The Court in

Bradner announced that the distinction between the two lines

of cases, "lies in the differing quality of the plaintiff's

evidence of special damages."  234 Va. at 487, 362 S.E.2d at

720.  Bradner concluded that verdicts should be set aside as

inadequate as a matter of law, not because of the proximity between the amount of the verdict and the special damages claimed, but because the plaintiff's evidence of special damages was uncontroverted and complete, and, therefore, could not rationally be ignored or disregarded by the fact finder.  The rationale for this rule, as explained in Bradner, was that such uncontroverted evidence became a fixed part of the recovery amount and, if the remaining amount of the award was insufficient to compensate the victim for other elements of damage also established by the evidence, such as pain and suffering, the verdict amount was of necessity inadequate.  Id.

Bradner went on to instruct that jury verdicts should not be set aside as inadequate where the plaintiffs' evidence of special damages was "controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause."  Id., 362 S.E.2d at 720-21.  The Court reasoned that in such cases the the fact finder could conclude that the plaintiff was entitled to less than the amount claimed as special damages and, thus, the amount of the special damages cannot become a fixed part of the recovery amount.  Because the trial court cannot determine what amount was awarded for other proven damages, such as pain and suffering, the verdict cannot be held to be inadequate as a matter of law.  Id. at 487-88, 362 S.E.2d at 721.

Today, the majority discards this body of jurisprudence for a per se rule.  As stated by the majority, jury verdicts which are identical to the amount claimed by the plaintiff as special damages are inadequate as a matter of law, "irrespective of whether those damages were controverted."[4]  The majority adopts this new rule without reference to, or rationale for departing from, the principles established in our prior cases.  Nor does the majority indicate why the rationale of Bradner underlying its focus on the quality of the evidence is not applicable in these circumstances, or what rationale compels the adoption of the new rule.

Perhaps the majority relies on a common sense belief that a jury verdict in an amount identical to the amount of the special damages means in all cases that the jury agreed that the defendant caused injury to the plaintiff, but is only willing to give the plaintiff the amount needed to cover his or her out-of-pocket expenses.  Thus, under the majority's common sense interpretation, the jury improperly compromised the verdict, ignoring the plaintiff's pain, suffering, and other non-quantified damages.

Common sense tells me, however, that when there is evidence controverting the cause of the injuries, the extent of the injuries, or otherwise challenging the special damages, the failure to award more than the special damage

---

[4]I assume that the majority intends that its new rule also requires that both special and general damages were proven by the plaintiff.

amount does not mean that the jury ignored general damage evidence such as pain and suffering.  Rather, it means that the evidence raised questions in the minds of the members of the jury as to whether all the injuries claimed were caused by the defendant's acts or whether the injuries were as severe as the plaintiff claimed.  In such a case, even though the verdict is exactly equal to the special damages, the amount was intended to cover both the compensable special damages and general damages.  In other words, the existence of controverting evidence is the key to whether the jury acted properly or produced a verdict based on an erroneous understanding of the law or the instructions.  In my opinion, common sense does not provide any persuasive basis for adopting the majority's per se rule.

Perhaps the majority's rationale for establishing a "bright line" rule is that it will resolve confusion and produce consistency in these cases.  Again, I do not find this rationale persuasive.  First, neither the trial courts nor the practicing bar are confused as to the principles to be applied in considering challenges to jury verdicts under these circumstances.  As set out above, the relevant principles have been operating for over 50 years and, for at least the last decade, the existence of controverting evidence has unequivocally been the touchstone in determining whether a jury verdict is inadequate in these cases.  As so often happens in the practice of law, the difficulty is not in identifying the applicable legal

principle, but in applying that principle to the facts at hand. Trial courts daily evaluate the evidence in ruling on motions and are uniquely positioned to make those rulings. For that reason, on appellate review we afford those decisions significant deference. <u>See</u> <u>Smithey v. Sinclair Refining Co.</u>, 203 Va. 142, 148, 122 S.E.2d 872, 877 (1961). Thus, I do not think the adoption of the majority's rule can be justified because of confusion over the proper principles to be applied or any perceived inadequacy in the ability of trial courts to make these determinations.

As for consistency, every personal injury case is unique, both in its circumstances and in the evidence produced by both sides to support competing interpretations of the facts. Under our legal system, the desired consistency is in properly applying the correct principles, not in the results attained. Thus, the goal of eliminating confusion and seeking consistency in results, in my opinion, does not justify the action of the majority today.

A third rationale for the majority's rule could be to facilitate the disposition of these cases. In other words, a <u>per</u> <u>se</u> or bright line rule would make trying these cases more efficient. Assuming juries will be instructed that they may not return a verdict in the exact amount of the plaintiff's special damages, the rule would eliminate putting the parties to the time and expense of litigating whether the verdict was inadequate and calling a new jury to relitigate the damage issue in circumstances where the trial

court determined post trial that the verdict was inadequate. However, if the rule is justified based on facilitating the process surrounding claims of inadequate jury verdicts, the practical effect of the rule in this regard is severely limited.

Even if juries are instructed that they may not return a verdict in the exact amount of the special damages, as I believe they must be, juries will continue to return verdicts in amounts close to the amount of special damages. The rule announced by the majority, by its terms, will not apply to these close, but not identical, jury verdicts, and trial courts will continue to resolve claims of inadequate verdicts by applying the traditional principles as set out in <u>Bradner</u>.

In summary, I cannot agree to adopt a <u>per</u> <u>se</u> or bright line rule which has no jurisprudential foundation, stated or perceived, is not needed to resolve confusion or inconsistency, and will have limited application.[5]

## II.  The Result

I also dissent from the result reached in this case.

_____

[5]Apparently, the majority's new rule is unique.  While many states follow the principle of <u>Bradner</u>, that uncontroverted evidence of proven special damages becomes a fixed part of the verdict, none appears to have adopted a rule that a verdict equal to the special damages is <u>per</u> <u>se</u> inadequate "irrespective" of whether there was controverting evidence, as the majority does today.  <u>See</u> <u>generally</u> Todd R. Smyth, Annotation, <u>Validity of Verdict Awarding Medical Expenses to Personal Injury Plaintiff, but Failing to Award Damages for Pain and Suffering</u>, 55 A.L.R. 4th 186, §§ 1-4 (1987 & Supp. 1997).

First, I believe the principles of Bradner control the analysis of the case. Furthermore, the trial court exercises its discretion in determining whether the amount of a jury verdict is inadequate as a matter of law. Philip Morris Inc. v. Emerson, 235 Va. 380, 413, 368 S.E.2d 268, 286 (1988). On appeal, the judgment of the trial court is reversed only upon a determination that the trial court abused its discretion. Johnson v. Smith, 241 Va. 396, 400, 403 S.E.2d 685, 687 (1991). Applying these principles, I would affirm.

As recognized by the majority, the record shows that the defendant aggressively cross-examined the plaintiff's witnesses in order to challenge the plaintiff's assertion that all of her injuries resulted from the rear-end collision. In addition to the evidence recited in the majority opinion, the defendant introduced the original treatment notes of plaintiff's physician which indicated that she had suffered a back injury in a previous accident involving a truck, that the injury had not been completely resolved, and that the instant collision aggravated that injury. The defendant also introduced evidence to show that the force of the collision was minimal, that there was no discernable damage to plaintiff's car, and that no medical treatment was undertaken at the scene of the collision. Finally, the plaintiff admitted that, subsequent to the collision, she was a passenger in an all-terrain vehicle which flipped over. This evidence can only be considered as

evidence controverting the plaintiff's claim that all her injuries were caused by the rear-end collision.

The trial judge, in refusing to set aside the verdict as inadequate, stated that the jury could have concluded that, in the plaintiff's fall from the all-terrain vehicle, she could have hurt other parts of her body, including the injury involved in this case, and thus, the jury "could have not attributed all the damages to this accident and attributed the rest to pain and suffering."

The trial court, following the instruction of Bradner, reviewed the evidence in the case to determine whether the plaintiff's evidence of special damages was uncontroverted and determined that it was not. Thus, the trial court concluded that the amount of special damages had not become a fixed part of the recovery. Accordingly, the trial court held that the verdict was not inadequate as a matter of law. Based on this record, I cannot conclude that the trial court abused its discretion in denying the plaintiff's motion to set aside the jury verdict as inadequate and, therefore, I would affirm the judgment of the trial court.