## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary L. Spearman

v.

Sheila Simms

### March 21, 1995

### Case No. LX-1164-4

BY JUDGE RANDALL G. JOHNSON

A jury trial in this personal injury action resulted in a plaintiff's verdict for $1,355, which is also the precise amount of plaintiff's medical specials. Plaintiff has moved to set aside the verdict as inadequate, and for a new trial on damages only. Defendant asks that judgment be entered on the verdict or, in the alternative, that a new trial be had on all issues.

The facts were hotly contested at trial. About the only thing the parties agreed on is that they were involved in an automobile accident on DMV Drive in Richmond around 5 p.m. on October 1, 1993. According to plaintiff and her eyewitness, plaintiff was travelling northbound on DMV Drive when defendant suddenly pulled out of a driveway on plaintiff's left and collided with the left rear of plaintiff's car. According to defendant and *her* eyewitness, defendant turned left out of a driveway and into the northbound lane of DMV Drive, which was clear. Plaintiff then came up from defendant's rear, passed defendant on the right, cut sharply in front of defendant, striking the right front of defendant's car, and slammed on brakes, causing defendant to strike plaintiff's car.

Plaintiff's injuries were also hotly contested. Plaintiff did not complain of injury at the accident scene and did not seek medical attention until six days later, which was after she talked with a lawyer. Both she and her physician, however, testified that she was injured as a result of the collision. The physician's bill for treatment, which included x-rays, an EEG, diathermy (electrically induced heat), and hot packs, was $1,355. As stated already, that was also the amount of the jury's verdict.

In *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), the Supreme Court set forth the test for determining whether a jury verdict must be set aside as inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases was made up of *Glass v. Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases consisted of *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was deemed not to be inadequate.

After discussing the above holdings, the Court stated:

> The distinction between *Glass, Rome*, and *DeWald*, on one hand, and *Brown, May*, and *Doe*, on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass, Rome*, and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown, May*, and *Doe*, then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to consider-

ably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

Applying that test here, the court concludes that the jury's verdict must stand. As already pointed out, the facts in this case, both as to liability and damages, were vigorously contested. While the issue of liability has been conclusively decided against defendant, the evidence as to damages was anything but "uncontroverted and so complete that no rational fact-finder could disregard it." First, plaintiff made no complaint of injury at the scene. In fact, neither she nor defendant even felt that the collision was serious enough to call a police officer. Next, plaintiff did not seek medical attention until six days after the accident, and only after she had seen a lawyer. It was the lawyer who referred her to a doctor. Third, plaintiff suffered only soft tissue injury, and her doctor testified that there were no objective signs of injury.

Finally, even though the amount of the verdict is precisely the same as the amount of plaintiff's doctor's bill, the court cannot say with certainty that it was the full amount of the doctor's bill that was awarded. The bill is for $1,355, as follows:

| | |
|---|---|
| Office visits (2) | $ 350.00 |
| X-rays (2) | 180.00 |
| EEG | 250.00 |
| Ultra Sound | 50.00 |
| Hot Packs (7 at $25 each) | 175.00 |
| Diathermy (7 at $50 each) | 350.00 |
| | $ 1,355.00 |

Because of the various amounts shown on the bill, it is impossible to say whether the verdict includes each item; that is, that "plaintiff's special damages constituted any fixed part of the jury's verdict." For example, the jury could have decided that the office visits and diagnostic tests were proximately caused by the accident, but that some or all of the hot packs and diathermy were not. Or the jury could have determined that the second office visit and one x-ray were unnecessary. Or that some other item or items were not caused by defendant's negligence and therefore not compensable to plaintiff. If so, the difference between the verdict and whatever

part of the medical bill the jury did find to be compensable was awarded for the other items in the court's damages instruction: injuries, pain, mental anguish, and inconvenience. Because the court cannot speculate as to what factors went into the jury's award, and because the issue of damages was not uncontroverted, the jury's verdict will not be set aside.