## CIRCUIT COURT OF THE CITY OF RICHMOND

Wilbert L. Johnson

v.

Alfred Hampton Miller

April 16, 1996

Case No. LA-918-3

BY JUDGE RANDALL G. JOHNSON

The trial of this personal injury action resulted in a jury verdict in favor of plaintiff for $2,147.70, which is also the amount of plaintiff's claimed special damages. Plaintiff has asked the court to set aside the verdict and to order a new trial on the issue of damages only. Defendant asks the court to enter judgment on the verdict or, in the alternative, to order a new trial on all issues. Based on the evidence presented, the court will deny both parties' motions and will require an additur under Virginia Code § 8.01-383.1(B).

Plaintiff's claim arises out of an automobile accident which occurred on September 6, 1994, at the intersection of Cowardin and Semmes Avenues in Richmond. Plaintiff was southbound on Cowardin and was making a right turn onto Semmes. Such a turn is made into a merge lane which extends approximately three-fourths of a block on Semmes before actually blending into the right-hand lane of Semmes' two westbound travel lanes. Plaintiff testified that in spite of the three-fourths of a block length of merge lane on Semmes, the four or five cars in front of him, which were also making right turns onto Semmes, each stopped at the yield right-of-way sign at the intersection. In other words, instead of using the full length of the merge lane to gradually merge into the Semmes Avenue traffic, each car in the line of traffic turning onto Semmes from Cowardin stopped and started as each lead car stopped and started at the yield sign. Just after the car in front of plaintiff pulled off from the yield sign, and while plaintiff was still stopped, plaintiff was struck in the rear by defendant, who was also turning from Cowardin onto Semmes.

Defendant's testimony was much the same as plaintiff's except that according to defendant, plaintiff also stopped at the yield sign, then started, then suddenly and for no apparent reason stopped again after he had pulled away from the yield sign. It was when plaintiff stopped the second time that defendant, who had taken his eyes off plaintiff's car to look for oncoming traffic, struck plaintiff. The parties also differed in their accounts of the impact, plaintiff testifying that the impact was significant while defendant said it was a mere "tap." As already noted, the jury returned a plaintiff's verdict for $2,147.70, the precise amount of plaintiff's specials.

This court has had several recent opportunities to consider when a jury's verdict is inadequate, particularly when the verdict is for the exact amount of special damages. *See, e.g., Wingo v. Harris*, 38 Va. Cir. 346, Case No. LA-400-4 (decided February 1, 1996); *Ferguson v. Brockwell*, Case No. LX-1360-4 (decided October 16, 1995);[1] *Marr v. Arthur*, 36 Va. Cir. 527, Case No. LX-1253-4 (decided August 16, 1995); *Spearman v. Simms*, 36 Va. Cir. 144, Case No. LX-1164-4 (decided March 21, 1995). In some of those cases, the verdicts were set aside. *E.g., Wingo* and *Ferguson*. In others, they were not. *E.g., Marr* and *Spearman*. In each of those cases, however, the court discussed at some length the principles applicable to deciding whether a verdict, including a verdict for the exact amount of specials, is inadequate. No purpose will be served by repeating that discussion here. Based on those principles, the court concludes that the present verdict is inadequate.

Plaintiff and his doctor testified as to plaintiff's injuries, and his medical bills and lost wages were introduced into evidence. The individual amounts of those items make it highly unlikely that the jury allowed some of those items, disallowed others, added some amount for physical pain, mental anguish, and the other items of damage in the damages instruction, and still came to a verdict precisely the same as the specials. This is different from *Marr* and *Spearman, supra*, in which the individual items of plaintiffs' special damages were such that those juries could have disallowed certain items which added up to "neat round figures" and coincidentally added the same "neat round figures" for pain, suffering, etc., to arrive at verdicts which mirrored the specials. In other words, while the court was unable to conclude in *Marr* and *Spearman* that the juries' awards were actually awards of plaintiffs' special damages only, the court

---

[1] This opinion is printed above at page 68. [Reporter's Note]

does reach that conclusion here. Accordingly, the award cannot stand. This leaves the court with two options: a new trial which, in this case, would be on the issue of damages only, or an additur. Va. Code § 8.01-383.1(B). The court will require an additur.

This was a straightforward case in which the jury believed that plaintiff should have some recovery but not a large recovery. Indeed, the evidence was uncontradicted that plaintiff made no complaint of injury at the scene, either to defendant or to the investigating police officer, that plaintiff saw a lawyer before seeing a treating physician, that he missed only two weeks from work, and that he was released from his doctor's care less than two months after the accident. His medical bills, although totalling almost $1,700, included significant amounts for "hot packs" and "ultrasound." In addition, while plaintiff described the collision as significant, the pictures of the parties' cars showed no damage to the cars at all. In fact, while plaintiff testified that the picture of his car showed no damage because he and some friends fixed it within one or two weeks after the collision and before the picture was taken, that fact only adds more support to defendant's characterization of the impact. If plaintiff was significantly injured, how was he physically able to repair significant damage to his car less than two weeks after the accident? And even if his friends did most of the work, how significant could the damage have been if it could be repaired without a trace by nonprofessionals?

In sum, plaintiff suffered some injury as a result of defendant's negligence, but only minor injury. He is entitled to a recovery, but only a minor recovery. The court concludes that $5,000 is adequate to fully compensate plaintiff for the injuries he received, and an additur to bring the final judgment to that amount will be required.

Mr. Hauck is directed to inform the court in writing by April 19, 1996, whether his client chooses to pay the additur required herein, either under protest or not under protest, or submit to a new trial on the issue of damages only. If the additur will be paid, Ms. Jackson has until April 22 to note in writing her client's protest, if any.