**CIRCUIT COURT OF THE CITY OF RICHMOND**

Patricia Marr

v.

Timothy Arthur

August 16, 1995

Case No. LX-1253-4

By JUDGE RANDALL G. JOHNSON

I am writing to further explain my denial of Mr. Herbig's motion to set aside the jury's verdict as inadequate. While I gave my reasons for the denial from the bench, verdicts for the precise amount of special damages are always suspect, and so a few additional words are appropriate.

In *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), the Supreme Court set forth the test for determining whether a jury verdict must be set aside as inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases was *Glass v. Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases consisted of *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was deemed not to be inadequate.

After discussing the above holdings, the Court stated:

> The distinction between *Glass, Rome,* and *DeWald,* on one hand, and *Brown, May,* and *Doe,* on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass, Rome,* and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown, May,* and *Doe,* then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

Applying that test here, I conclude that the verdict must stand. First, both parties testified that they were travelling at speeds of less than 25 miles per hour at impact. Second, plaintiff waited almost three weeks before seeking medical attention. Third, plaintiff was involved in one incident before the one sued on here, and two more afterwards. In fact, Dr. Mauck testified that had he known about the other accidents, his opinion may have been different. In sum, it is my opinion that plaintiff's special damages were not so established as to be "a fixed, constituent part of the verdict." Accordingly, the jury's verdict will stand.