## CIRCUIT COURT OF THE CITY OF RICHMOND

Vincent C. Ferguson

v.

Jerry Wayne Brockwell

October 16, 1995

Case No. LX-1360-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff asks the court to set aside a jury verdict in the amount of $728.14, which is also the amount of plaintiff's medical bills. Defendant asks that judgment be entered on the verdict.

About 10:30 or 11:00 p.m. on September 11, 1993, plaintiff went to Digger's Lounge at the Holiday Inn at Bells and Commerce Roads in Richmond. As he entered the lounge, defendant, whom plaintiff had never seen before, told plaintiff "I could kick your ass right now if I wanted to." Plaintiff either ignored defendant or made some innocuous response, and went about his business. While in the lounge, plaintiff saw Harry Shaw, a childhood friend he had not seen "for years," and he talked to Shaw and a female friend of Shaw's for five or ten minutes. While there was no testimony about what plaintiff did for the other two or three hours he was in the lounge, plaintiff testified that he had no other contact or conversation with defendant.

About 1:30 a.m., plaintiff left the lounge with Shaw and Shaw's friend. While they were walking to the friend's car, defendant began yelling profanity-laced threats at plaintiff. Plaintiff told defendant he "wanted no part of it," or words to that effect, meaning to plaintiff that plaintiff did not want to fight. Defendant got into a pick-up truck and drove to where plaintiff, Shaw, and Shaw's friend were standing. Defendant got out of the truck carrying a cricket bat and tried to hit plaintiff with it. He was subdued by a security guard and Shaw and was told to leave. Even while being held, however, defendant managed to hit plaintiff in the head with

his fist. Plaintiff still did not fight back. Defendant then got back into the truck, revved the engine, and struck plaintiff. Fortunately, and amazingly, plaintiff was not seriously injured. In fact, his medical bills, as noted earlier, were only $728.14. Plaintiff sued defendant for negligence and for willful and wanton conduct in striking him with the truck. He sought compensatory and punitive damages.

At trial, the factual account as stated above was given by plaintiff and by Shaw. A police officer also testified, without objection, that his investigation confirmed plaintiff's account and that defendant was tried and convicted of felony hit and run. Defendant did not attend the civil trial, and no evidence was presented by him or on his behalf, although counsel for plaintiff's uninsured motorist carrier was present and participated in the trial pursuant to Va. Code § 38.2-2206(F).

At the end of the presentation of evidence, the court granted plaintiff's instruction that defendant was negligent as a matter of law, such instruction not being objected to by the uninsured carrier's counsel. The court refused to grant the carrier's counsel's proffered instruction on contributory negligence, and the jury was told that a verdict must be returned for plaintiff on the issue of compensatory damages. The jury was also instructed on the issue of punitive damages. The jury's verdict was as stated above.

In *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), the Supreme Court set forth the test for determining whether a jury verdict must be set aside as inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases was *Glass v. Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases consisted of *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was deemed not to be inadequate.

After discussing the above holdings, the Court said:

> The distinction between *Glass, Rome*, and *DeWald*, on one hand, and *Brown, May, and Doe*, on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass, Rome*, and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown, May*, and *Doe*, then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

Applying the above principles here, the court concludes that the verdict must be set aside. In this case, as in *Glass, Rome*, and *DeWald*, the plaintiff's special damages were a "fixed, constituent part of the verdict." Not only did plaintiff testify without contradiction about his injuries, defendant admitted in pretrial requests for admissions, read to the jury and made a part of the trial record, that plaintiff's medical bills were accurate, reasonable in amount, and proximately caused by the incident complained of. Since those amounts had to be awarded, it is clear that the jury ignored the other elements of the damages instruction: bodily injury, physical pain, mental anguish, and inconvenience. Under such circumstances, this part of the verdict cannot stand. *Bradner, supra.*

With regard to punitive damages, the situation is different. While there are many cases, including this one, in which compensatory damages *must* be awarded, punitive damages are never mandatory. *Turk v. Martin*, 124 Va. 103, 110-112, 97 S.E. 351 (1918); *Evans v. Schuster*, 178 Va. 61, 66, 16 S.E.2d 301 (1941). Indeed, while no Virginia case has put it as bluntly as West Virginia, the two cases just cited clearly show that Virginia follows the rule that "[t]he jury is at perfect liberty, no matter how wanton or reckless the defendant has been, to refuse punitive damages . . . ." *Pendleton v. Norfolk & Western Ry. Co.*, 82 W. Va. 270, 95 S.E. 941, 944 (1918). Thus, the jury's verdict denying punitive damages in the case at bar, while perhaps not in accordance with what the court would have done had the court sat without a jury, is binding. That portion of the verdict will not be set aside.

Having determined that the compensatory portion of the jury's verdict must be set aside, the court must now determine what action to take. Before 1994, the only option available to the court at this point was to order a new trial. Now, however, Virginia Code § 8.01-383.1(B) allows the court to order a new trial or to "either require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict or submit to a new trial." The court concludes that this is a proper case for application of this "additur" provision.

Plaintiff's injuries were not serious, in spite of what the court feels was outrageous conduct of the defendant. Plaintiff testified that he was able to brace himself for the impact by putting up his hands and pushing off of the truck as it struck him so that he was only hit on his hands and chest. He drove himself to an emergency room immediately afterward, but received no other medical treatment. He lost no time from work. In fact, the only long-term effect of the incident, according to plaintiff, is a lingering fear of going to nightclubs and other night spots because defendant might be there. In sum, there was a little physical contact, a little pain, no lost wages, a little inconvenience (going to the emergency room), and a little mental anguish. Based on the court's experience in personal injury cases generally, it is the court's opinion that a compensatory damage award of $2,000 is fair and reasonable under all of the circumstances presented. Accordingly, Ms. Epps is directed to inform the court in writing no later than October 27, 1995, whether the additur will be paid, under protest or not under protest, or whether she demands a new trial. Mr. Logan, pursuant to the last sentence of § 8.01-383.1(B), may note his protest, if he does

72

protest, within five days of Ms. Epps' letter if additur is accepted by her client.