## CIRCUIT COURT OF THE CITY OF RICHMOND

Roger Douglas Wingo

v.

Joy Lyn Harris

February 1, 1996

Case No. LA-400-4

BY JUDGE RANDALL G. JOHNSON

In this personal injury case, the jury returned a verdict for plaintiff for $1,741, which is the precise amount of plaintiff's medical bills. Plaintiff requests additur pursuant to Va. Code § 8.01-383.1(B). Additur will be ordered.

Plaintiff's injury arose out of an automobile accident on October 31, 1994. According to plaintiff, he and defendant were operating their respective cars in a line of vehicles facing a stop sign in the left turn lane of Bailey Bridge Road in Chesterfield County. Defendant was behind plaintiff. As the car in front of plaintiff stopped at the intersection, plaintiff and defendant also stopped without incident. When the first car pulled off and plaintiff went to and stopped at the intersection, however, he was struck in the rear by defendant. Defendant testified that she did not strike plaintiff until after plaintiff had stopped at the intersection and had pulled off and stopped again, this time suddenly and for no reason. Although defendant testified that she was always looking at plaintiff's car, she said the plaintiff stopped so suddenly she was unable to avoid the collision.

Plaintiff did not complain to defendant or to the investigating police officer of any injuries at the scene. In fact, he told them both he was not injured. It was the next day, according to plaintiff, that he started experiencing pain and stiffening. He went first to the emergency room at Johnston-Willis Hospital and then to a lawyer who referred him to Dr. Jerome Smith, an internist. Dr. Smith diagnosed plaintiff's problem as a lumbar sprain. He prescribed physical therapy and ultrasound, both done at Dr. Smith's office, and prescription drugs. He also prescribed a back

brace. The emergency room bill was $56, the back brace was $75, and Dr. Smith's bill was $1,610, for the $1,741 total mentioned earlier. At the conclusion of all the evidence, the court sustained plaintiff's motion to strike defendant's evidence on the issue of defendant's negligence, and submitted the issue of contributory negligence and damages to the jury.

In deciding whether to disturb the jury's verdict, the court is guided by the case of *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), in which the Supreme Court sets forth the test for determining whether a jury verdict must be set aside as inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases is *Glass v. Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 223 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases consists of *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was deemed not to be inadequate.

After discussing the above holdings, the Court said:

> The distinction between *Glass, Rome,* and *DeWald,* on one hand, and *Brown, May,* and *Doe,* on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational factfinder could disregard it (as it was in *Glass, Rome,* and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defen-

dant's wrong or to some other cause, as was the evidence in *Brown, May,* and *Doe,* then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

Applying the above principles here, the court will require an additur of $1,000, making plaintiff's total award $2,741. From the verdict, it is obvious that the jury believed plaintiff to have been injured in the accident, and that he was not contributorily negligent. It is also obvious that only plaintiff's medical bills were awarded. It is just as obvious, however, that the jury did not believe plaintiff to have been seriously injured, a belief which this court shares.

As previously mentioned, plaintiff said at the scene of the accident that he was not injured. While he went to the emergency room the next day, he did not go to a doctor until more than a week later, and then only after being referred to one by his lawyer. He missed no time from work, and the only claim of a change in his lifestyle was that he could not play basketball for a while after the accident. In sum, there was no evidence that this plaintiff suffered anything more than a very minor soft-tissue injury that resolved quickly. He is entitled to something more than his medical bills, but not much more. The sum of $1,000 beyond his medical bills for all of the other factors set out in the damages instruction is enough.

Mr. Shands [defendant's counsel] is directed to inform the court in writing no later than February 9, 1996, whether the additur will be paid, under protest or not under protest, or whether he demands a new trial. Ms. Jackson [plaintiff's counsel], pursuant to the last sentence of § 8.01-383.1(B), may note her protest, if she does protest, within five days of Mr. Shands' letter if additur is accepted by his client.