# CIRCUIT COURT OF THE CITY OF RICHMOND

Marcus Tolliver

v.

Sarah V. Gee

August 16, 1996

Case No. LA-2491-4

BY JUDGE RANDALL G. JOHNSON

In this personal injury action, the jury returned a verdict in favor of plaintiff for $1,745.44, which is also the amount of plaintiff's medical bills. In fact, a handwritten notation on the verdict form states "Total Medical Bills." Plaintiff has asked the court to grant an additur under Virginia Code § 8.01-383.1(B). Plaintiff's motion will be granted.

Plaintiff's claim arises out of an automobile accident which occurred on February 15, 1994, at the intersection of Jahnke and Dorchester Roads in Richmond. According to plaintiff, he and defendant were both travelling north on Jahnke Road, plaintiff being behind defendant, when defendant pulled over to the curb lane and stopped. As plaintiff passed defendant, defendant pulled away from the curb in an apparent attempt to make a U-turn, thus causing a collision and plaintiff's injuries. Defendant, on the other hand, testified that she never pulled into the curb lane and that plaintiff simply ran into her when she attempted to make a left turn from Jahnke onto Dorchester. The investigating police officer, who was the only other witness at trial, testified that defendant told him the accident occurred when she attempted to make a U-turn on Jahnke, the same account given by plaintiff. That the jury found in favor of plaintiff on the issue of liability, then, is not at all surprising. It is plaintiff's complaint that the amount of the verdict is inadequate.

In *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), the verdict form contained a handwritten notation making it clear that the amount awarded was for medical bills and lost wages only. The Supreme Court said:

> We can tell from the verdict form what elements the jury considered in reaching its verdict. Although the jury should not have

written anything on the form except its general verdict, once it went further and listed medical expenses and lost wages, we cannot ignore that information. On the face of the verdict form, the jury makes plain that it completely accepted plaintiff's evidence of medical expenses. Further, the face of the verdict form shows that the jury valued plaintiff's loss of income at $1,120. No other element of damages is listed.

In *Rome [v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977)], we concluded that — because the verdict was in the exact amount of the evidence of medical expenses and lost wages and because the evidence of the other damage elements was uncontroverted — the jury had disregarded the trial court's damage instruction. In this case, we reach the same conclusion but for a different reason. Here, it is not the ultimate verdict that establishes the disregard of the damage instruction. Here, what the jury wrote on the verdict form makes clear that only two elements of damages were considered. We hold that the verdict was inadequate and should have been set aside.

233 Va. at 145-46.

*DeWald* is controlling here. In the case at bar, as in *DeWald*, the jury noted on the verdict form what the amount of its verdict was for. And because it was for medical expenses only, it is inadequate.

In determining an appropriate additur, the court has considered several factors. For example, the photographs of the parties' cars, particularly plaintiff's car, shows that the impact was not severe. While plaintiff went to an emergency room immediately after the collision, he did not seek additional medical attention until a week later. He also changed doctors on the advice of his legal counsel, although there was no evidence that his first doctor was not treating him appropriately. He missed about two weeks from work, but the jury obviously felt that he was not entitled to be compensated for that. In sum, as was said in this court's recent decisions in *Johnson v. Miller,* Case No. LA-918-3 (April 16, 1996),[1] and *Wingo v. Harris*, 38 Va. Cir. 346 (1996), plaintiff suffered some injury as a result of defendant's negligence, but only a minor injury. He is entitled to some recovery, but only a minor recovery. The court concludes that a total recovery of $3,000 is adequate to compensate plaintiff for the injuries he

---

[1] This case is reported above at page 173. [Reporter's Note]

received, and an additur to bring the final judgment to that amount will be required.

Mr. Jenkins is directed to inform the court in writing by August 21, 1996, whether his client chooses to pay the additur required herein, either under protest or not under protest, or submit to a new trial on the issue of damages only. If the additur will be paid, Ms. Woody has until August 23 to note in writing her client's protest, if any.