# CIRCUIT COURT OF THE CITY OF RICHMOND

Betzaida M. Vegas

v.

Wallace Lee Morris

November 18, 1996

Case No. LA-2936-4

BY JUDGE RANDALL G. JOHNSON

In this personal injury action, the jury returned a verdict in the amount of $1,529.92, which is $337 less than plaintiff's special damages. Plaintiff asks that the verdict be set aside.

Plaintiff was injured on December 2, 1994, when the car she was driving was struck by the car driven by defendant. Liability was admitted and plaintiff's only witnesses were herself and Dr. John Alexander, an oral surgeon. The only witness for the defendant was the defendant, and he offered no testimony about plaintiff's injuries.

Plaintiff testified that the force of the impact caused the right side of her face and her right shoulder to hit the steering wheel. Her airbag also inflated. She was in pain for several weeks, particularly in her right jaw. She was released by Dr. Alexander about four months after the accident but went back to see him in October, 1995, because the pain came back. She is doing fine now.

Dr. Alexander testified that plaintiff suffered an injury from the accident to the muscle of her right jaw. The injury caused pain any time she opened her mouth to eat, speak, or anything else. He prescribed physical therapy and by March 28, 1995, she was "100% well." As noted earlier, however, she did come back to him for recurrence of pain.

Plaintiff claimed the following medical bills:

| | |
|---|---|
| Southeastern Emergency Physicians | $130.00 |
| Dr. Zfass | $350.00 |
| Central Virginia Rehab | $140.00 |
| Palm Beach Physical Therapy | $110.00 |

| | |
|---|---|
| Dr. Alexander | $328.68 |
| West End Orthopaedic Clinic | $155.00 |
| May Rehab and Therapy | $327.00 |
| Johnston-Willis Hospital | $326.24 |
| Total | $1,866.92 |

No lost wages or other special damages were claimed. As noted earlier, the jury's verdict was for $1,529.92.

In deciding whether to disturb the jury's verdict, the court is guided by the case of *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), in which the Supreme Court set forth the test for determining whether a jury verdict must be set aside as inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases is *Glass v. David Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases consists of *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was deemed not to be inadequate.

After discussing the above holdings, the Court said:

> The distinction between *Glass, Rome,* and *DeWald,* on one hand, and *Brown, May,* and *Doe,* on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass, Rome,* and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffer-

ing, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.

On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown, May,* and *Doe,* then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

Applying the above principles here, the court concludes that the verdict is inadequate.

As noted above, liability was not contested. The impact forced plaintiff's face and shoulder into the steering wheel and caused her airbag to inflate. While plaintiff suffered no broken bones or open cuts, she testified that her forehead, face, and nose were bruised. Clearly, the impact was not insignificant, and the emergency room bills — Southeastern Emergency Physicians ($130) and Johnston-Willis Hospital ($326.24) — are certainly reasonable and causally related to the accident. Indeed, nothing was asked during the cross-examination of plaintiff or Dr. Alexander to suggest otherwise. Similarly, no challenge was made to the bill of Dr. Zfass ($350). While plaintiff did testify that she was referred to Dr. Zfass by her lawyer, she explained that she had lived in Virginia for only one year before the accident and did not have a family doctor. Defendant's counsel asked no other questions and presented no other argument in that regard. Moreover, it was Dr. Zfass who referred plaintiff to Dr. Alexander, whose testimony and treatment were in no way challenged by defendant. His bill ($328.68), like the others just mentioned, must also be considered a "fixed, constituent part of the verdict." *See Bradner, supra.* The same is true of the bill of West End Orthopaedic Clinic ($155), which was also not challenged. This leaves three bills from three different physical therapists. They were challenged by defendant.

Dr. Alexander testified that he prescribed physical therapy for plaintiff at Central Virginia Rehab. Plaintiff's bill there was $140. There was also evidence that plaintiff failed to keep her last three appointments at Central Virginia Rehab, and instead went to two other physical therapists — Palm Beach (Florida) Physical Therapy, which charged her $110, and May Rehab and Therapy, which charged $327. Defense counsel argued to the jury that the latter two bills should not be reimbursed because they duplicated much of what had already been done by Central Virginia Rehab (initial evaluation, etc.), and that plaintiff increased her damages by stopping treatment with Central Virginia when she did. The court agrees that the jury had a right, based on the evidence, to accept that argument, and to disregard the bills of those two providers. The jury also could have found that plaintiff's pain would have ended sooner if she had continued treatment with Central Virginia. In fact, if the bills of Palm Beach Physical Therapy and May Rehab and Therapy are subtracted from plaintiff's claimed medical bills, the result is $1,429.92. If the jury then awarded $100 for physical pain, mental anguish, and inconvenience, its verdict would be reached. The court, of course, has no way of knowing if this is what happened, and the court does not now suggest that it did happen. The court does find, however, that with $1,429.92 in fixed, unchallenged medical expenses, the force of impact described by plaintiff and shown on the photograph of plaintiff's car admitted into evidence, plaintiff's and Dr. Alexander's description of plaintiff's pain, and the course of plaintiff's medical treatment, $100 is not adequate to compensate her for the injuries suffered as a result of defendant's negligence. The verdict must be adjusted.

Virginia Code § 8.01-383.1(B) allows the court to award an additur in cases such as this. Considering the factors discussed in this opinion, particularly the force of impact, plaintiff's pain, and the inconvenience incurred by plaintiff in receiving treatment, but also considering the jury's obvious feeling that plaintiff should not receive a large amount for those items, the court will require an additur to bring plaintiff's total award to $4,000.

Ms. Flannagan is directed to inform the court in writing no later than November 25, 1996, whether the additur will be paid, under protest or not under protest, or whether she demands a new trial. Mr. Douthit, pursuant to the last sentence of § 8.01-383.1(B), may note his protest, if he does protest, within two days of Ms. Flannagan's letter if additur is accepted by her client.