# CIRCUIT COURT OF THE CITY OF RICHMOND

Radivoje B. Radivojevic

v.

Doyle M. Cardwell

January 30, 1997

Case No. LA-1036-3

BY JUDGE RANDALL G. JOHNSON

At the trial of this personal injury action, plaintiff presented evidence of medical bills totalling $9,423.10. The jury returned a verdict in favor of plaintiff for $664.47. Plaintiff asks that the verdict be set aside as inadequate. Defendant asks that judgment be entered on it.

The action arises out of an automobile accident at the intersection of Cary Street and the Boulevard in Richmond. Plaintiff was operating his vehicle eastbound on Cary Street; defendant was operating his vehicle northbound on the Boulevard. The intersection is controlled by traffic lights, and each party testified that the light was green for him. Defendant also testified, however, that glare from the sun prevented him from seeing the light "a couple of car lengths" from the intersection and that he did not see the light again before the accident. He said the same thing to the investigating police officer at the scene. No other eyewitness testified.

With regard to plaintiff's injuries, they were vigorously contested. Although defendant did not call an "IME" (independent medical examination) doctor to testify, defense counsel's cross-examination of plaintiff and his doctors raised many questions about the nature and cause of plaintiff's injuries. For example, plaintiff had been involved in an automobile accident approximately one month before this one, and at least some of his complaints from the earlier accident were the same as his complaints from this one. Plaintiff had also "shattered" his elbow several years before the accident now sued on, and elbow pain was one of his major complaints from this accident. Dr. Charles Bonner, one of plaintiff's physicians who testified at trial, stated that plaintiff

did not make another of his major complaints, shoulder and arm pain, until several months after the present accident. In addition, plaintiff and others testified that plaintiff's business involves the restoration of houses and other general contracting work and that plaintiff regularly and routinely performs the types of manual labor that involve all of the body parts which plaintiff claims were injured in the accident. At least one of his doctors confirmed that many people performing manual labor have the same complaints of pain as plaintiff without ever having suffered traumatic injury. In sum, there was evidence from which the jury could have found that some or all of plaintiff's claimed injuries were caused by the accident sued on, and there was evidence from which the jury could have found that none of the claimed injuries were caused by the accident.

This court has had numerous occasions over the last few years to consider whether a jury's verdict is inadequate, particularly when the verdict is for the exact amount of, or less than, the special damages. *See, e.g., Vegas v. Morris,* 40 Va. Cir. 474 (1996); *Tolliver v. Gee,* 39 Va. Cir. 529 (1996); *Wingo v. Harris,* 38 Va. Cir. 346 (1996); *Ferguson v. Brockwell,* 39 Va. Cir. 68 (1995); *Marr v. Arthur,* 36 Va. Cir. 527 (1995); *Spearman v. Simms,* 36 Va. Cir. 144 (1995). In some of those cases, the verdicts were adjusted. *Vegas, Tolliver, Wingo* and *Ferguson.* In others, they were not. *Marr* and *Spearman.* In each of those cases, however, the court discussed at length the principles applicable in deciding whether a verdict is inadequate. No purpose will be served by repeating that discussion here. Based on those principles, the court concludes that the present verdict is inadequate, but not by much.

As noted above, liability in this case was contested. Based on the testimony, however, particularly defendant's concession that he lost sight of his light because of glare from the sun, the jury had every right to believe that defendant was negligent and that his negligence caused the accident. At the same time, based on the evidence concerning plaintiff's claimed injuries, the jury also had every right to believe that plaintiff was not injured at all in the accident. The jury could have found, however, that plaintiff did not know immediately after the accident whether he was injured or not, and so it was reasonable for him to go to an emergency room to be examined. In fact, the breakdown of plaintiff's medical bills and the amount of the verdict seem to support that conclusion.

Plaintiff's medical expense exhibit, which is a list of plaintiff's medical providers and their bills, shows fifteen separate medical providers with bills ranging from $4 to $2,543. The total, as previously noted, is $9,423.10. The actual bills of the providers were not offered as evidence. In making their post-verdict arguments on plaintiff's motion to set aside, counsel suggested, and the

court agrees, that the $664.47 verdict can be obtained by adding the emergency room bill of $631.87 and a laboratory bill from a different hospital of $32.60. In fact, no other combination of plaintiff's bills yields the amount of the verdict. The only problem is that while there was testimony about the emergency room bill, there was no testimony about the laboratory bill. In fact, the exhibit does not even say it is a laboratory bill. It simply says "Bill from Henrico Doctor's Hospital dated 03-16-90," which is almost a month after the accident. The court knows it is a bill for laboratory work only because it asked counsel after the verdict. Nevertheless, whatever the jury's reason was for including that bill in its verdict, if it *was* included in the verdict, the court is certain that the jury found defendant to be liable for the accident but that it also found that the accident caused no injury to the plaintiff. As already discussed, evidence in the record fully supports that verdict. The court concludes, however, that $664.47, even if plaintiff was not injured, is not adequate to compensate him for the emergency room bill *and* his inconvenience, which is one of the elements in the damage instruction, in being involved in the accident; that is, having to remain at the scene, etc., and having to go to the emergency room. Based on all of the evidence in the case, and for the reasons set out above, the court concludes that plaintiff is entitled to a verdict in the total amount of $1,500. An additur pursuant to Va. Code § 8.01-383.1(B) to bring plaintiff's total award to that amount will be required.

Mr. Schwertz is directed to inform the court in writing no later than February 5, 1997, whether the additur will be paid, under protest or not under protest, or whether he demands a new trial on the issue of damages. Mr. Shapiro, pursuant to the last sentence of § 8.01-383.1(B), may note his protest, if he does protest, by February 7, 1997.