## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Rebecca Hall

v.

Brandon Akers

March 17, 1997

Case No. CL95-494

BY JUDGE WILLIAM H. LEDBETTER, JR.

In a post-verdict motion, the plaintiff asks the court to set aside the jury verdict, or to require additur, on the ground that the award reflects only the plaintiff's proven "specials" and ignores other elements of damages established by the evidence.

*Facts*

This personal injury case arises out of an automobile accident on Route 3 in Spotsylvania County on October 17, 1994. The defendant struck the rear of the plaintiff's vehicle causing relatively minor property damage. The plaintiff was not transported to a hospital from the scene. However, when she began to experience pain and discomfort later that evening, she went to the emergency room where she was x-rayed and treated for a cervical sprain. Three days later, she visited Dr. Kurt Larson, an orthopedic surgeon, who confirmed the ER diagnosis and treated her on three occasions. He recommended rest and physical therapy. The plaintiff missed 13 days' work and attended six physical therapy sessions.

The case was tried with a jury on February 7, 1997. The defendant admitted liability. Thus, the only issue for the jury to determine was the amount of damages to which the plaintiff was entitled.

According to Dr. Larson's testimony, the plaintiff's cervical sprain was caused by the accident, and the medical expenses she incurred were reasonable and necessary. The plaintiff offered as evidence, without objection, medical bills totalling $1,316.65. The parties stipulated that the 13 missed work days would constitute lost wages of $1,493.44. Thus, the plaintiff's "specials" totaled $2,810.09.

In addition, Dr. Larson and the plaintiff testified about the effect and duration of the pain and discomfort associated with the injury, and the plaintiff testified about the difficulties, including the inconvenience, caused by the need for six physical therapy sessions.

The court instructed the jury, *inter alia*, that it could consider five elements in determining damages.

The jury returned a verdict for the plaintiff in the amount of $2,810.09, the exact amount of the special damages.

The plaintiff moved the court to set aside the verdict as inadequate or to require additur. Counsel were permitted to submit memoranda. Those memoranda have been received and reviewed.

### Decision

As a rule, the law leaves the assessment of damages to juries. Thus, the verdict of a jury, arrived at upon competent evidence and controlled by proper instructions, should be inviolate. *Taylor v. Maritime Overseas Corp.*, 224 Va. 562 (1983). Nevertheless, judges have the power and the duty to set aside verdicts where the damages are so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misunderstood the facts or the law that should have guided them to a just conclusion. See Virginia Code § 8.01-383; *Chesapeake & O. Ry. v. Arrington*, 126 Va. 194 (1919). Where the verdict is one of inadequacy, the trial judge has the authority to set the verdict aside whether the verdict be for merely a nominal amount or for a substantial but inadequate sum. *Sampson v. Sampson*, 221 Va. 896 (1981).

Further, when the court finds as a matter of law that the damages awarded are inadequate, the trial court may require the defendant to pay an amount in excess of the recovery of the plaintiff or submit to a new trial. Virginia Code § 8.01-383.1(B). This is referred to as "additur."

This case is similar to *Bradner v. Mitchell*, 234 Va. 484 (1987). There, the jury returned a verdict only $42.65 above special damages, practically ignoring Bradner's pain, mental anguish, scar, and other proven damages. The court concluded that because Bradner's evidence of special damages was

"uncontroverted and complete," no rational fact-finder could disregard it. Thus, the proven special damages must be regarded as a "fixed constituent part of the verdict." That being so, the Court said, the award balance of $42.65 was inadequate as a matter of law to properly compensate Bradner for the other elements of damage included in the court's damage instruction.

Here, the plaintiff's evidence of special damages was uncontroverted and complete.

The defendant points out, correctly, that his stipulation as to the correctness and admissibility of the plaintiff's figures does not mean that the jury was required to include the sum of those figures in its compensatory award to the plaintiff. There are two fallacies in the defendant's argument.

First, although the defendant never conceded that the plaintiff was entitled to no less than $2,810.09, he presented no probative evidence, by way of cross-examination or independent testimony, to contradict the plaintiff's plain evidence regarding the amount of her special damages and their proximate causation.

Second, and more important, the jury resolved any controversy about those special damages in favor of the plaintiff. Because the verdict was for $2,820.09, the *precise* amount of special damages claimed, it is obvious, beyond cavil, that the jury determined that the plaintiff's injuries resulted from the defendant's admitted negligence and necessitated the $1,316.55 in medical expenses and caused the $1,493.44 in lost wages adduced by her evidence. In this regard, the case for inadequacy is stronger than *Bradner v. Mitchell* because the special damages are not only a "fixed constituent part" of the verdict, they *are* the verdict.

The question then becomes whether the jury had a rational basis for ignoring the plaintiff's other evidence regarding her damage. If the plaintiff legitimately missed thirteen days of work so that she is entitled to $1,493.44 for lost wages, as the jury found, why did she miss those days of work? The answer is obvious: because of the pain and discomfort suffered from the injury, combined with the need for rest as recommended by her physician and her need to undergo medical treatments. To accept the legitimacy of the plaintiff's claim for lost wages while ignoring the reasons why she incurred those lost wages is irrational, and, in the court's opinion, creates the impression that the jury misconceived or misinterpreted the facts or the instructions or both.

The court acknowledges that in a number of cases, the Supreme Court has refused to set aside a verdict as inadequate merely because the award fell short of compensating the plaintiff for all the damages about which probative evidence was adduced at trial. In some of those cases, the plaintiff's evidence itself raised serious questions about the nature and extent of the injuries. In

other cases, the defendant offered conflicting evidence. In yet other instances, the specter of a pre-existing condition or a subsequent aggravation of the injury created such doubt that it would be improper to second guess a jury's determination that the plaintiff's claim of injury had some validity but was only partially compensable. This court has had occasion to consider motions to set aside verdicts on the ground of inadequacy and, in almost every instance, has rejected the motion because the case fell into one of the categories mentioned above. This case is different, for the reasons explained.

Notwithstanding the inadequacy of the award, the court need not set aside the verdict and order a new trial under § 8.01-383 in order to achieve a fair and just result in this litigation. Clearly, the verdict was small because the jury was not impressed with the extent and duration of the plaintiff's suffering or with the minimal impact of the vehicles that gave rise to her injury. While the plaintiff is entitled to some compensation for those elements of "intangible" damages that she proved but the jury improperly ignored, the omission can be remedied by additur. The amount of the additur should be fair, but, at the same time, it should be consistent with the jury's general sense of the case.

Accordingly, pursuant to Virginia Code § 8.01-383.1, the defendant will be required to pay $3,000.00 in excess of the recovery of the plaintiff found in the verdict, for a total amount of $5,810.09 or submit to a new trial.