# CIRCUIT COURT OF THE CITY OF RICHMOND

Georgia Wooden

v.

Vu Phi Doan

April 22, 1997

Case No. LB-1239

BY JUDGE RANDALL G. JOHNSON

This is another in an ever-growing list of personal injury cases in which a jury of this court has returned as its verdict an amount equal to, or less than, the amount of plaintiff's special damages. *See, e.g., Radivojevic v. Cardwell,* 41 Va. Cir. 333 (1997); *Vegas v. Morris,* 40 Va. Cir. 474 (1996); *Tolliver v. Gee,* 39 Va. Cir. 529 (1996); *Wingo v. Harris,* 38 Va. Cir. 346 (1996); *Ferguson v. Brockwell,* 39 Va. Cir. 68 (1995); *Marr v. Arthur,* 36 Va. Cir. 527 (1995); *Spearman v. Simms,* 36 Va. Cir. 144 (1995). In this case, plaintiff's specials, which are made up entirely of medical bills, are $4,104. That is also the amount of the verdict. An additur under Va. Code § 8.01-383.1(B) will be ordered.

Plaintiff's accident occurred on August 4, 1995, at the intersection of Route 1 and Hilliard Road in Henrico County. Plaintiff was a passenger in a car driven by her husband. Defendant, who was going 35 miles an hour and was attempting to "beat a yellow light," accelerated as he entered the intersection and struck plaintiff's car. Defendant admitted liability.

At the time of the accident, plaintiff was recovering from open-heart surgery, which had been performed two weeks earlier. She was still "extremely sore" from the surgery, and her physical activities were substantially limited. Because of the surgery, she was instructed not to wear a seat belt in a car, and so she did not have on a seat belt when the accident occurred. In fact, she was returning from a checkup with her heart surgeon at the time of the accident.

Plaintiff testified that she was seriously injured in the accident. While conceding that her physical activities were limited immediately after her surgery, she testified that she had now made a complete recovery from the surgery, but that she was still suffering from the accident. Specifically, it was plaintiff's testimony that the use of her right arm and shoulder was limited because of the accident, and that she still could not do things with her arm and shoulder that she could do before the accident. Dr. John Cametas, who treated plaintiff for injuries received in the accident, but was not involved in her surgery, testified that plaintiff received soft-tissue neck, back, and shoulder injuries from the accident, as well as an aggravation of the chest soreness she was already experiencing from the surgery. He also testified that because of the surgery, plaintiff's recovery from the accident-related injuries was slower than it otherwise would have been. For example, plaintiff could not do some things as part of her physical therapy because of the physical limitations put on her by her heart surgeon. Consequently, physical therapy took longer than normal and was more expensive than normal. Even so, it was Dr. Cametas' opinion that plaintiff had made a complete recovery from the accident, and he has not seen her in over a year. From all of these facts, the court must determine an appropriate verdict.

From the evidence presented at trial, the jury had every right to believe that plaintiff, who saw her lawyer before seeing Dr. Cametas, was exaggerating the extent of her injuries. The jury also had every right to believe that she was not still suffering the effects of the accident even though she said she was, especially since her doctor said she had made a full recovery. In short, the jury had every right not to give plaintiff a large recovery. It did not have the right, however, to give plaintiff nothing above her specials.

Plaintiff's medical bills were not seriously challenged by defendant. In light of her surgery and Dr. Cametas' testimony, any such challenge would fail. Plaintiff was injured, and the medical treatment she received was entirely reasonable in light of the nature of the impact and her pre-existing condition. Thus, the medical bills were very much a "fixed, constituent part of the verdict." *Bradner v. Mitchell*, 234 Va. 483, 487, 362 S.E.2d 718 (1987). The law requires that she also be compensated for her physical pain, her mental anguish, and her inconvenience.

Having considered the testimony and other evidence in the case, as well as the obvious fact that the jury did not believe plaintiff's injuries to be very serious, the court will require an additur to bring plaintiff's total award to $7,500. Mr. Hauck is directed to inform the court in writing no later than April 28, 1997, whether the additur will be paid, under protest or not under protest, or whether he demands a new trial. Mr. Hux, pursuant to the last sentence of

§ 8.01-383.1(B), may note his protest, if he does protest, within two days after Mr. Hauck's letter if additur is accepted by Mr. Hauck's client.