# CIRCUIT COURT OF THE CITY OF NORFOLK

Teresa Williams

v.

Kevin Shawn Bull

August 25, 1997

Case No. L96-1782

BY JUDGE LYDIA CALVERT TAYLOR

The above-referenced case was tried to a jury on May 22 and 23, 1997; on the second day the jury returned a verdict for the plaintiff for $650.00. Plaintiff then moved to set aside the verdict as inadequate and award a new trial or put the defendant to terms to accept additur of an additional amount or submit to a new trial. For reasons stated in this opinion, *infra*, the court denies plaintiff's motion and has, this day, entered judgment on the jury verdict.

## *Facts*

The facts as they developed at trial were that plaintiff, Theresa Williams, claimed to have suffered soft-tissue injuries in an automobile accident caused by defendant's negligence. She attributed her injuries to her automobile accident with the defendant, Kevin Bull, although she admitted that she had been injured previously in the same areas of her body some six months before in an earlier automobile accident. Plaintiff stated at trial that she had injured only her neck in the instant accident and that her back injuries were from the previous automobile accident. However, that testimony strongly conflicted with her earlier deposition testimony in almost every particular, and defendant, through his attorney, used the discrepancies to *substantially* impeach plaintiff's testimony. The contradictions between plaintiff's descriptions of her injuries in her deposition and at trial, in fact, were self-contradictory in the extreme.

Plaintiff's chiropractor, Dr. Andrea Foster, testified that plaintiff's injuries were similar from both accidents. Dr. Foster stated that she had treated plaintiff for neck and back pain both before and after the accident at issue. Dr. Foster also stated that she had treated plaintiff for her injuries from the first accident, and had not yet released plaintiff from treatment as cured after the first accident when the second accident occurred, in which plaintiff injured the same parts of her body. Dr. Foster stated that plaintiff would have required approximately two more months of treatment for her injuries from the first accident had the instant accident not occurred, but she admitted that plaintiff's complaints just before the second accident were still rather severe and not much improved. Additionally, Dr. Foster offered no logical explanation for her actions in immediately opening a second file for the second accident and attributing all costs for treatment from that point forward entirely to the second accident.

Plaintiff's physical therapist, John Winslow, testified that he treated plaintiff for mid- and upper-back pain and that plaintiff as of the end of his treatment had met 100% of his goals for her. Winslow stated that he relied entirely on plaintiff's statements to him in determining how much treatment was needed. He also testified that either of the two accidents could have caused the injuries for which he treated plaintiff.

Given the conflicting evidence in this case, especially the plaintiff's self-contradictory statements, the jury was entitled to discount much of plaintiff's testimony and her experts' testimony, which relied almost entirely on her own statements of injury. The jury returned a reasonable verdict in light of the weakness of plaintiff's evidence of injury; it was entitled to believe or disbelieve the testimony at trial, including plaintiff's own, and, therefore, to evaluate the respective credibility of each witness as it saw fit.

### Law

Pursuant to Va. Code § 8.01-383.1(B), "in any action at law when the court finds as a matter of law that the damages awarded by the jury are inadequate, the trial court may (I) award a new trial or (ii) either require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict or submit to a new trial." However, the jury's verdict "cannot be disturbed unless, in the light of all the evidence, the award be so manifestly inadequate as to show very plainly that the verdict resulted from a misconception or misinterpretation of facts which should have guided the jury to a just conclusion." *Glass v. David Pender Grocery Co.*, 174 Va. 196 at

201, 5 S.E.2d 478 at 480-81 (1939). "Great respect is accorded a jury verdict, and it is not sufficient that a trial judge, had he been on the jury, would have rendered a different verdict. Indeed, every reasonable inference must be drawn in favor of a verdict that has been rendered fairly under proper jury instructions." *Hall v. Hall*, 240 Va. 360 at 363, 397 S.E.2d 829 at 831 (1990) (*citing Forbes & Co. v. Southern Cotton Oil Co.*, 130 Va. 245 at 259, 108 S.E. 15 at 19 (1921)).

In *Drudge v. Cooper*, the plaintiff suffered at least two injuries, similar to the plaintiff in the instant case. Bertha Drudge's doctors were unable to distinguish among her various symptoms to state with certainty that the accident relating to the defendant in the case was the only cause of her injuries. *Drudge v. Cooper*, 190 Va. 843, 58 S.E.2d 878 (1950). The Supreme Court upheld a verdict for less than the plaintiff's specials, stating, "The jury saw and observed plaintiff and her witnesses while testifying. They were informed as to the extent of her injuries, her condition before and after the accident, and the various items of expense and loss of earnings chargeable to these defendants. The verdict was approved by the trial judge and it seems to bear a reasonable relation 'to the damages suggested by the facts in the case'." 190 Va. at 848, 58 S.E.2d at 880.

In an analogous case involving both physical and psychological injuries, *Mastin v. Theirjung*, 238 Va. 434, 384 S.E.2d 86 (1989), the Virginia Supreme Court found it was appropriate for the jury to evaluate the plaintiff's credibility in describing her injuries in determining the amount of her damages to be zero. In *Mastin*, plaintiff's description of the automobile accident was not consistent with the physical evidence, and she "was not consistent in describing her injuries or treatment." 384 S.E.2d at 88, 238 Va. at 434. Other possible causes for the plaintiff's symptoms included malingering or trauma from other stressful experiences. The court found that the jury could have concluded "that it was equally likely that [plaintiff's] difficulties either arose from some other cause unrelated to the trauma of the collision or were feigned, and thus that [plaintiff] failed to carry her burden of proving causation." 238 Va. at 439, 384 S.E.2d at 88-89.

The unpublished order from the Virginia Supreme Court in *Bunch v. Thrul*, submitted by plaintiff, presents no facts upon which to evaluate the strength of that plaintiff's case, and thus no evidence for the court to make a comparison to this case. *Bunch v. Thrul* cannot be relied upon as precedent for the instant case because it presents no facts for evaluation of its analogy to the instant case. As stated in *Glass v. David Pender Grocery Co.*, *supra*, "each

case must be considered on its own merits and in view of the peculiar facts of that case." 174 Va. at 201-02, 5 S.E.2d at 481.

*Wooden v. Doan*, 42 Va. Cir. 202 (1997), may be distinguished by the fact that the special damages in that case were not in dispute. The injuries to the plaintiff in *Wooden* were clearly caused only by the one accident that had occurred in that case, although plaintiff was especially susceptible and needed a longer recovery period. In the instant case, plaintiff's injuries from two accidents were indistinguishable, and thus could have been caused by either of the two accidents. The jury, therefore, had the right to refuse to compensate plaintiff for damage caused by the previous accident where her experts did not even attempt to apportion the exacerbation of the first injuries by the second accident from the first injuries as they would have continued even absent the second accident. In *Wooden*, "plaintiff's medical bills were not seriously challenged by defendant," as stated in the synopsis in plaintiff's Motion, at page seven. In the instant case, in contrast, neither of plaintiff's doctors could say with reasonable certainty that the second accident had caused the symptoms of which plaintiff complained, and in fact, plaintiff herself was unclear about which injuries had occurred from each accident.

*Hall v. Akers*, 41 Va. Cir. 501 (1997), merely restates the principle that, if damages are undisputed, an award for special damages alone is inadequate as a matter of law. In the instant case, however, damages were highly disputed, entitling the jury to find that plaintiff had failed to carry her burden of proof by giving the jury a reasonable estimate of how to apportion plaintiff's special damages between the two accidents. In fact, as defendant points out in his brief, under these facts, the jury was not obligated to award any damages at all, and could have disregarded the doctors' bills, finding them to be caused by the previous accident, not the instant one. Even the orthopedist's bill might properly have been disregarded by the jury, given plaintiff's prior deposition testimony that her intent in going to an orthopedist was merely to "better her chances of a lawsuit," rather than for a valid, medical need.

### Summary

In conclusion, this court finds that the plaintiff is not entitled to either a new trial or additur under the facts of this case and thus denies her motion to set aside the verdict as inadequate. Judgment is entered as of today on the jury verdict as rendered for $650.00.