# CIRCUIT COURT OF SMYTH COUNTY

Roop

v.

Heath

February 19, 1999

Case No. (Law) 98-5887

BY JUDGE CHARLES H. SMITH, JR.

This matter is before the court for decision on the plaintiff's "Motion for New Trial or Additur." The court heard arguments of counsel on the motion on February 18, 1999, and took the matter under advisement to review authorities. I have reviewed the pleadings, exhibits, depositions, and memorandum and considered all in light of counsels' arguments made at the hearing. In consideration of all of which, the court finds as follows.

The plaintiff allegedly sustained injuries as a result of a motor vehicle accident which occurred here in Smyth County on March 19, 1996. The plaintiff had slowed to make a left-hand turn and was struck from the rear by the defendant. The plaintiff reported no real injuries to the investigating officer at the scene but did indicate his neck had jerked and he "felt funny." He did not seek any emergency treatment, and it was several days later that he did go to a hospital emergency room where he was diagnosed as suffering a whiplash injury. He was treated and released. About a week later, when symptoms failed to subside, he sought treatment from Dr. Gregory Eades, a chiropractor in Abingdon, Virginia. Dr. Eades reported finding some objective evidence of injury as well as reduced range of motion and muscle spasm in the cervical and upper dorsal regions. Dr. Eades treated the plaintiff for several months before referring him to Dr. Ziad Blaik, a neurologist in Johnson City, Tennessee. Significantly, Dr. Blaik testified that the plaintiff's EMG and nerve conduction velocities were completely normal and that his nervous system was "completely intact." He referred the plaintiff back to Dr. Eades.

10

The plaintiff filed suit to recover damages for the injuries allegedly sustained in this accident, and the matter was tried to a jury in this court on December 7, 1998, resulting in a verdict against the defendant on liability and for damages in the amount of $6,000.00. This was less than his claimed special damages in the amount of $6,522.00. At trial, the defendant did not testify and presented no expert medical testimony.

The plaintiff has filed his motion for a new trial or additur claiming that the damages awarded are inadequate as a matter of law. The plaintiff contends that there is nothing in the record to controvert the plaintiff's proof of injury, causation, reasonableness, or necessity of the medical treatment and related expenses. He further contends there is nothing in the record to controvert the violent nature of the collision. The defendant, on the other hand, contends that all of the above were strongly controverted, if not by the defendant's direct testimony, then by evidence solicited from the plaintiff and his witnesses upon his vigorous cross-examination. At the very least, he contends, the reasonableness and necessity of the treatment rendered by Dr. Eades was amply refuted by his cross-examination of him and by the testimony he elicited from Dr. Blaik. In support of this, he points to the nature of the services rendered to the plaintiff by Dr. Eades as it comports with the Virginia definition of the practice of chiropractic and to Dr. Blaik's diagnosis as stated above. He further contends that the violent nature of the collision alleged by the plaintiff is refuted by the physical damage done to the vehicle as revealed in the photograph introduced into evidence. The defendant further contends that the existence of any injury to the plaintiff is somewhat self-rebutted by the plaintiff's testimony that he indicated no injury at the scene of the accident and failed to seek any medical treatment until several days later.

The court is inclined to rule in favor of the defendant. In addition to the above arguments stated by the defendant, the court notes that the failure of the investigating officer to note any injuries on the accident report he is required to complete also refutes the plaintiff's claim of injury. The court is also of the opinion that a rationally minded jury, in accepting the court's instruction on the definition of the practice of chiropractic, which it is required to do, might well have concluded, given Dr. Blaik's testimony, that Dr. Eades' treatment was both unreasonable and unnecessary. Given the seemingly conflicting testimony of the medical expert on the one hand and the chiropractor on the other, the jury might well have decided to discount Dr. Eades' testimony altogether. Considering this, this court cannot say that the plaintiff's special damages constituted any fixed part of the jury's verdict.

In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

*Bradner v. Mitchell,* 234 Va. 483, 487-88 (1987); *Vegas v. Morris,* 40 Va. Cir. 474, 476 (Richmond City 1996).